639 A.2d 1181

**John SZPYNDA and Marie Szpynda, his wife, Appellants,**

**v.**

**Mark C. PYLES, M.D. and Berwick Hospital, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1993.

Filed Feb. 18, 1994.

Reargument Denied May 3, 1994.

William F. Anzalone, Wilkes–Barre, for appellants.

Francis G. Wenzel, Jr., Wilkes–Barre, for appellee Pyles.

Joseph A. Murphy, Scranton, for appellee Berwick Hosp.

Before OLSZEWSKI, JOHNSON and HUDOCK, JJ.

OLSZEWSKI, Judge.

John and Marie Szpynda appeal the order granting summary judgment in favor of defendants, Dr. Mark Pyles and Berwick Hospital, in this medical malpractice action. We reverse.

On March 1, 1988, John Szpynda was working for PMC, Inc. when his left hand got caught in a splicing machine. The machine crushed his left hand, wrist and forearm, and severed his ulnar artery. He was taken to Berwick Hospital where

Dr. Mark Pyles performed reconstructive surgery. One week later, Mr. Szpynda still experienced severe pain. After further testing, he was flown to Thomas Jefferson University Hospital in Philadelphia for more surgery to improve his blood flow and save his hand. This surgery and subsequent physical therapy proved unsuccessful, and by December 15, 1988, Mr. Szpynda knew (or should have known) that he had lost the use of his hand.

The Szpyndas settled a products liability claim against the splicing machine's manufacturer in September of 1991. In March of 1991, during the pendency of this claim, the machine's manufacturer requested that Mr. Szpynda be examined by Dr. Herbert Ecker. Dr. Ecker told Mr. Szpynda that his disabling injury was caused not by the industrial accident, but by an improper surgical procedure performed by Dr. Pyles.[1] The Szpyndas commenced a medical malpractice action against Dr. Pyles on April 24, 1991, less than two months after being informed of the possible negligent treatment. Defendants moved for summary judgment, arguing that the Szpyndas' action was time-barred by the two-year statute of limitations. The Szpyndas responded that the "discovery rule" exception to the statute of limitations should toll the statute until March of 1991, when Mr. Szpynda was informed of the defendants' causal negligence.

The trial court granted summary judgment for the malpractice defendants, holding that the statute of limitations began running in December of 1988, when Mr. Szpynda knew his injury was disabling; the trial court held that the discovery rule did not toll the statute. In reviewing an entry of summary judgment

> [t]his court may disturb the order of the trial court only where there has been an error of law. This Court applies the same standard as the trial court, affirming a grant of summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

---

1. This was the first time anyone told Mr. Szpynda that his injury might be due to something other than the original accident.

issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether summary judgment should have been granted, this Court must examine the record in the light most favorable to the non-moving party.

*Jenkins v. Bolla,* 411 Pa.Super. 119, 123, 600 A.2d 1293, 1295 (1992) (citations omitted).

The discovery rule and its application in Pennsylvania to a motion for summary judgment is as follows:

It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period. *Schaffer v. Larzelere,* 410 Pa. 402, 405, 189 A.2d 267, 269 (1963). "Thus, the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 84, 468 A.2d 468, 471 (1983).

Generally, once the prescribed statutory period has expired, the complaining party is barred from bringing suit. The "discovery rule," however, is an exception to that rule, and its application tolls the running of the statute of limitations. The "discovery rule" provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible. *Schaffer* [410 Pa.] at 406, 189 A.2d at 270. The "discovery rule" arises from the inability of the injured party, despite the exercise of reasonable diligence, to know of the injury or its cause. *Pocono* [503 Pa.] at 85, 468 A.2d at 471. Its purpose is to exclude the period of time during which the injured party is reasonably unaware that an injury has been sustained so that people in that class have essentially the same rights as those who suffer an

immediately ascertainable injury. *Pounds v. Lehman,* 384 Pa.Super. 358, 363, 558 A.2d 872, 874 (1989).

Whether the statute has run on a claim is usually a question of law for the trial judge, but where the issue involves a factual determination, the determination is for the jury. *Smith v. Bell Telephone Co. of Pennsylvania,* 397 Pa. 134, 142, 153 A.2d 477, 481 (1959). Specifically, the point at which the complaining party should reasonably be aware that he has suffered an injury is generally an issue of fact to be determined by the jury; only where the facts are so clear that reasonable minds cannot differ may the commencement of the limitations period be determined as a matter of law. *Sadtler v. Jackson–Cross Co.,* 402 Pa.Super. 492, 501, 587 A.2d 727, 732 (1991).

*Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 324–25, 608 A.2d 1040, 1042–43 (1992).

 The question in this case concerns the reasonableness of Mr. Szpynda's belief that his injuries were caused by the original industrial accident, and not subsequent medical treatment. If Mr. Szpynda reasonably believed that the problems with his hand were due entirely to his accident, then the discovery rule should toll the statute of limitations as he claims. If, however, any diligent person in his position would have investigated to see if subsequent medical treatment was the culprit, then his action would be time barred. "[O]nce the patient is aware or should reasonably have become aware that **medical treatment** is causing him personal injury the statute begins." *Bickford v. Joson,* 368 Pa.Super. 211, 218, 533 A.2d 1029, 1032 (1987) (quoting *DeMartino v. Albert Einstein Medical Center,* 313 Pa.Super. 492, 501, 460 A.2d 295, 300 (1983)) (emphasis added), *alloc. denied,* 518 Pa. 647, 544 A.2d 959 (1988). We must disagree with the trial court's conclusion that the record clearly establishes that Mr. Szpynda knew or should have known that his injury was caused by Dr. Pyles's medical treatment, and not the accident with the splicing machine.

Causation, especially in medical matters, can be a problematic concept. Some causal relationships are so well established that we cannot excuse a plaintiff who pleads ignorance. For instance, when a plaintiff who knowingly worked with asbestos develops lung cancer, he cannot wait six years until somebody informs him that the asbestos exposure may have caused his cancer to bring an action. We may charge him with the now common knowledge that asbestos is a carcinogen. *See Ingenito v. AC & S, Inc.*, 430 Pa.Super. 129, 633 A.2d 1172 (1993). But when the cause of an injury cannot reasonably be discovered, the injured party has no basis for bringing a tort action. We agree with the trial court that a malpractice plaintiff need not be aware that the medical treatment responsible for his condition was **negligent** in order to start the statute. *See* trial court opinion, 3/9/93 at 7 (citing *DeMartino v. Albert Einstein Medical Center*, 313 Pa.Super. 492, 460 A.2d 295 (1983)); *see also Bickford, supra*, 368 Pa.Super. at 219–20, 533 A.2d at 1033. But a plaintiff must be reasonably aware that it was the treatment, and not the accident being treated, that caused him injury. *DeMartino, supra*, 313 Pa.Super. at 501, 460 A.2d at 300.

In the present case, Mr. Szpynda knew the nature and extent of his injury by 1988. He knew that his left hand had been crushed, that Dr. Pyles had operated on it unsuccessfully, and that it now was beyond repair. From his medical records, Mr. Szpynda would have known that he had lost the use of his hand due to poor blood flow, caused by damage to his ulnar artery. We cannot agree with the trial court that this knowledge must have put Mr. Szpynda on notice that his injury was caused by Dr. Pyles's negligent treatment, and not by the splicing machine accident.

Not all medical treatment is successful. Just because Dr. Pyles's operation and treatment could not save the hand does not imply that it must have caused or exacerbated the injury. We see nothing in the record, nor can the malpractice defendants point to anything, which would have informed Mr. Szpynda that his poor ulnar artery blood flow

8

was caused by Dr. Pyles's operation, and not the industrial accident which severed that artery. Mr. Szpynda's medical records are replete with detailed, technical physiological descriptions of his mangled left forearm. Yet nowhere do his records indicate or even suggest that Dr. Pyles's surgery caused the loss of blood flow to his hand. It is not enough that a physician be able to deduce from these records, as Dr. Ecker apparently did, that Mr. Szpynda lost the use of his hand due to botched surgery. The discovery rule tolls the statute of limitations until such time as a reasonably intelligent person (not an expert), exercising due diligence, should have some reason to suspect that his injury might have been caused by medical treatment. To hold otherwise would require that whenever any medical treatment fails to promptly return the patient to full health, the patient must necessarily hire attorneys and experts to investigate the possibility of malpractice, lest the statute run. Such wasteful over-abundance of caution is not the goal of our statute of limitations.

■ Causation is an inherently factual issue; determining causes involves making inductive generalizations from experience. This is why the point at which a reasonable plaintiff can be expected to know the cause of his injury is a question of fact. In order to avoid prejudicing a plaintiff by looking at the discovery rule issue from the perspective of expert hindsight, we ordinarily leave the question of its application to a jury. Only in clear cases where no two reasonable minds could differ do we decide this causation question as a matter of law. *See Sadtler v. Jackson–Cross Co.*, 402 Pa.Super. 492, 501, 587 A.2d 727, 732 (1991). We think that in the present case, the record is by no means clear enough to support the trial court's conclusion that Mr. Szpynda must have known that the cause of his injury was Dr. Pyles's operation, and not the splicing machine accident. The granting of summary judgment was therefore improper.

The order granting summary judgment in favor of defendants is vacated, and this case is remanded for further proceedings. We relinquish jurisdiction.

HUDOCK, J., dissents.

HUDOCK, Judge, dissenting:

I respectfully dissent. Although I agree with the majority's statement of the law, I disagree with the application of the law to the specific facts of this case. After a review of the record, I agree with the trial court that Appellant knew or should have known that his injury was caused by Appellee rather than from his original work injury. Therefore, I must disagree with the majority's holding that the discovery rule operates to toll the statute of limitations in this case.