**Rubino v. Weiss**

*Leonard N. Ross,* for plaintiffs.
*James R. Kahn,* for defendant.

FIELD, *J.,* November 20, 1998—Plaintiffs, James Rubino and Judy Rubino, husband and wife, and defendant, Albert A. Weiss M.D., have filed cross appeals from two orders issued June 29, 1998. Defendant Weiss had filed two separate motions for summary judgment, one of which was denied and the other granted. Since the motion granting summary judgment disposed of this matter, it was a final order and appealable. Because a final order has been entered, the denial of the first motion, which at the time was interlocutory, is now also appealable. For the reasons below, both orders were properly entered and should be affirmed.

# DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

In 1985, plaintiff, James Rubino, consulted defendant Dr. Albert Weiss, complaining of pain in his left toe. In July of that year, Dr. Weiss performed an arthroplasty on Rubino's left great toe, inserting an implant. On April 7, 1989, Dr. Weiss performed a second arthroplasty and inserted another implant because of the fracture of the original implant. Rubino began to feel pain in his foot during the fall of 1991. In December of 1992, Dr. Weiss removed the second implant because it also had fractured, whereupon he fused the first metatarsalphangeal joint of the left foot with a left tibial bone graft. Rubino remained under Dr. Weiss' care until January 19, 1994. In his complaint filed April 14, 1994, Rubino described swelling and pain in his left toe as well as numbness and swelling of the left shin and alleges that these injuries were caused by Dr. Weiss' malpractice during the 1985, 1989 and 1992 surgeries.

Defendant moved for partial summary judgment with regard to the 1985 and 1989 surgeries, claiming that these portions of plaintiffs' claim is barred by the two-year statute of limitations concerning injuries caused by the wrongful act or negligence of another. 42 Pa.C.S. §5524 (2). In reviewing a motion for summary judgment, the record and any inferences therefrom must be viewed in the light most favorable to the nonmoving party and the nonmoving party also has the burden of proving that there are no genuine issues of material fact. *Bigansky v. Thomas Jefferson University Hospital,* 442 Pa. Super. 69, 658 A.2d 423 (1995), *appeal denied,* 542 Pa. 655, 668 A.2d 1119 (1995). If there are genuine issues of material fact, then summary judgment may not be entered.

The general rule is that once the statute of limitations on a particular claim has run, a party is barred from bringing suit. However, there is an exception to the general statute of limitations known as the "discovery rule." The discovery rule, first enunciated by the Supreme Court in *Ayers v. Morgan,* 397 Pa. 282, 154 A.2d 788 (1959), provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed period, the limitations period does not begin to run until the discovery of the injury is reasonably possible. *Szpynda v. Pyles,* 433 Pa. Super. 1, 639 A.2d 1181 (1994), *appeal denied,* 539 Pa. 655, 651 A.2d 541 (1994).

The question of whether a patient's injury was reasonably ascertainable is a question of fact that requires a jury's determination. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 608 A.2d 1040 (1992). Pennsylvania courts have consistently held that the question whether or not a statute of limitations has run on a claim requires a factual determination by a jury. See *White v. Owens-Corning Fiberglas Corp.,* 447 Pa. Super. 5, 668 A.2d 136 (1995), *appeal denied,* 546 Pa. 648, 683 A.2d 885 (1996); *Szpynda supra; Smith v. Bell Telephone Co. of Pennsylvania,* 397 Pa. 134, 153 A.2d 477 (1959). Only in instances where "the disputed facts lead unerringly to the conclusion that the time it took to discover an injury was unreasonable as a matter of law" should a court enter summary judgment. *A. McD. v. Rosen,* 423 Pa. Super. 304, 308, 621 A.2d 128, 130 (1993). The facts of the instant matter are not so clear as to lead "unerringly" to the conclusion that defendant Weiss is entitled to judgment as a matter of law.

In cases such as the instant matter, where there is a continuing relationship between doctor and patient, it is well-settled that the two-year statute of limitations is tolled until the patient becomes dissatisfied and discontinues treatment with that doctor. See *A. McD. v. Rosen, supra; Held v. Neft,* 352 Pa. Super. 195, 507 A.2d 839 (1986). Under this standard, the statute of limitations for the duration of Rubino's nine-year treatment began to run on January 19, 1994, when Rubino ended his relationship with Dr. Weiss. Thus, defendant's motion for partial summary judgment with respect to the 1985 and 1989 surgeries was properly denied.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant's second motion for summary judgment was based on plaintiffs' failure to produce expert testimony in support of their allegations. On March 25, 1997, the Honorable William J. Manfredi entered a case management order which set forth various deadlines, including a January 5, 1998 deadline for the identification of plaintiffs' expert witness(es). The same order scheduled a trial date on July 1998. Plaintiffs' counsel filed a petition for extraordinary relief seeking a 90-day extension, but said motion was denied. On February 3, 1998, defense counsel wrote to plaintiffs' counsel stating that plaintiffs' expert reports were already a month late and that if they were not produced immediately, appropriate relief from the court would be sought. This summary judgment motion was filed two weeks later, on February 18, 1998.

Plaintiffs argue that since the petition for extraordinary relief was uncontested, the defendant should be precluded from enforcing the court-imposed deadlines. This argument has no merit. The deadline for plaintiffs'

expert report was originally set by the court, and then reinforced by the court's denial of an extension. The parties to this action had no authority to either extend or waive any deadline set by the court.

Without an expert, plaintiffs have failed to establish a prima facie case on their malpractice claim. Expert testimony is required, except in those cases where the matter is so simple and the lack of care is so obvious as to be within the comprehension of an ordinary layman. *Gregorio v. Zeluck,* 451 Pa. Super. 154, 678 A.2d 810 (1996), *appeal denied,* 546 Pa. 681, 686 A.2d 1311 (1996). The instant matter concerns three surgeries, whether each should have been performed at all, as well as whether each was performed correctly. Such is not within the common knowledge of the average juror. Hence, expert testimony was essential.

Similarly, in an action premised on the lack of informed consent, a plaintiff must produce a medical expert to show a causal connection between the lack of informed consent and the actual harm suffered by the plaintiff. *Maliszewski v. Rendon,* 374 Pa. Super. 109, 542 A.2d 170 (1988), *appeal denied,* 520 Pa. 617, 554 A.2d 510 (1989). Without such testimony, a jury would have to speculate as to any link between the plaintiffs' harm and the defendant's actions. The mere fact that a medical procedure has a bad result, without more, is not a sufficient basis upon which to maintain an action for damages. Because the plaintiffs failed to provide their expert report in accord with the court-imposed deadline, summary judgment was appropriate.

For all of the above reasons, the judgment as entered, should be affirmed.