## Ondish v. Moon

C.P. of Westmoreland County, no. 2533 of 1933.

*John N. Scales,* for plaintiff.
*Diane Bar Quinlin* and *Deborah D. Olszewski,* for defendant Moon.
*Robert W. Murdoch,* for defendant Rao.
*James R. Hartline,* for defendant Jeannette DMH.

LOUGHRAN, *J.,* October 26, 2000—The instant case involves allegations of medical malpractice arising from a series of injections administered to plaintiff's lower back on May 1, May 9, and May 16, 1991. Following the third injection on May 16, 1991, plaintiff experienced a variety of symptoms including pain, discomfort, nausea, and other symptoms which led him to finally seek medical treatment on July 8, 1991. At this time, plaintiff was diagnosed with a coag positive staph infection, a lumbar spinal infection, and other diagnoses. Plaintiff alleges that before the diagnosis on July 8, 1991, he did not know the type or extent of his injury, nor did he have any knowledge of the cause of his symptoms.

Plaintiff commenced this action against defendants, Dr. Moon and Jeannette Hospital, in the Court of Common Pleas of Westmoreland County on April 5, 1993.

Plaintiff initially served a reissued notice to defend and writ of summons (reissued on April 30, 1993) upon defendants, Sung Bin Moon M.D., Sung Bin Moon M.D. & Associates, and Jeannette District Memorial Hospital on May 10, 1993. Plaintiff then again reissued the writ of summons on June 1, 1993 including for the first time, Mandiga Rao M.D. Plaintiff thereafter filed a complaint in civil action including defendant, Mandiga Rao M.D. on June 18, 1993.

The defendants, Mandiga Rao M.D. and Sung Bin Moon M.D. have moved for summary judgment based upon the contention that the statute of limitations ran upon the plaintiff's cause of action.

Summary judgment should not be entered unless a case is free from doubt; the moving party must prove that there is no genuine issue of material fact to be tried and that it is entitled to judgment as a matter of law and, moreover, the record must be viewed in light most favorable to non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Richland Mall Corp. v. Kasco Construction Co.,* 337 Pa. Super. 204, 486 A.2d 978 (1984).

By statute, Pennsylvania has a two-year statute of limitations on personal injury actions. As a rule, "It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the theory of recovery is based and to institute within the prescribed period." *Schaffer v. Larzelere,* 410 Pa. 402, 189 A.2d 267 (1963). However, the so-called "discovery rule" is an exception to that rule, and its application tolls the run-

ning of the statute of limitations. *Szpynda v. Pyles,* 433 Pa. Super. 1, 639 A.2d 1181 (1994). The "discovery rule" is a three-prong test to determine whether a litigant has exercised reasonable diligence. These prongs are as follows:

(1) The litigant must have knowledge of his injury,

(2) The operative cause of his injury, and

(3) The causative relationship between his injury and the operative conduct. *Petri v. Smith,* 307 Pa. Super. 261, 453 A.2d 342 (1982).

The defendants assert that as the plaintiff experienced some pain and complained of pain on the date of his last injection on May 16, 1991, the plaintiff knew of his injury and should have taken reasonable steps to ascertain the cause thereof. As he did not do so, the defendants assert that he failed to use reasonable diligence and the statute of limitations commenced on May 16, 1991.

What a reasonable time period for the plaintiff to discover his injury is, is usually a question for the jury. *Ingenito v. AC&S Inc.,* 430 Pa. Super. 129, 633 A.2d 1172 (1993). The defendant, however, argues the plaintiff needs only to know that he was injured, and that the plaintiff did not act in a timely manner, and summary judgment should be granted. *Groover v. Riddle Memorial Hospital,* 357 Pa. Super. 420, 516 A.2d 53 (1986).

However, reviewing the pleadings and record in a light most favorable to the non-moving party and resolving all doubts as to the existence of a genuine issue of material fact against the moving party, as this court must do in deciding summary judgment motions, defendants' motions must be denied. In applying these principles to plaintiff's cause of action, this court must conclude that

it was not until diagnoses were rendered to the plaintiff, that he had any means to know of the extent of his injury, the nature of his injury or the causal relation between the injury and the injections.

Therefore, by application of the "discovery rule," the statute of limitations began to run on July 8, 1991, when the plaintiff was admitted and actually diagnosed with his various conditions at Jeannette District Memorial Hospital. Thus, when the amended writ was permitted, by order of court, on June 1, 1993, said amendment and reissuance of the writ of summons was well within the two-year statutory time frame. Therefore, defendants' preliminary objections in this regard must be dismissed.

It should be noted that the other matters raised by the defendants were disposed of by order of court rendered at oral argument on October 26, 2000.

## ORDER

And now, to wit, December 12, 2000, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the motions of summary judgment of the defendants based upon the issue of the statute of limitations are denied.