608 A.2d 1040

**William HAYWARD and Mary Evelyn Hayward, Appellants,**

**v.**

**MEDICAL CENTER OF BEAVER COUNTY, Dr. Paul
A. Pupi, Dr. Vincent D. Cuddy, and Coghlan,
Cuddy and Pupi Associates, Appellees.**

Supreme Court of Pennsylvania.

Argued March 9, 1992.

Decided May 21, 1992.

William S. Schweers, Jr., Pittsburgh, for appellants.

James R. Farley, Christopher Rulis, Rothman, Gordon, Foreman & Groudine, P.C., Carl E. Harvison, Pittsburgh, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

This appeal involves the applicability of the "discovery rule" in medical malpractice actions, where the patient did not discover that he had sustained an actionable injury until more than two years after the alleged malpractice. Appellant William Hayward and his wife commenced this medical malpractice action against appellees Medical Center of Beaver County (hospital), Dr. Paul A. Pupi, Dr. Vincent D. Cuddy, and Coghlan, Cuddy and Pupi Associates seeking to recover damages resulting from the allegedly negligent removal of a portion of appellant's lung on November 19, 1980.

The facts giving rise to this action are as follows. On November 8, 1980, appellant was admitted to the hospital complaining of chest and back pain. Chest x-rays showed the presence of a mass in appellant's right lung, and appellees Cuddy and Pupi were consulted regarding proper treatment. After consultation, the doctors performed exploratory surgery and removed a portion of appellant's lung tissue for pathological analysis. Appellee doctors diagnosed the mass as a probable carcinoma and proceeded to remove that portion of the lung affected by the suspected tumor.

Final pathological studies, however, disclosed that the mass was not a malignant tumor but was merely a blood clot. Appellee Cuddy informed appellant of this on November 21, 1980. At that time, appellant and several members of his family questioned appellee Cuddy regarding the necessity of the surgery in light of the misdiagnosis. Appellee Cuddy assured them that the surgery was necessary—regardless of the non-malignant nature of the mass.

Immediately following surgery, appellant experienced shortness of breath. Appellant visited appellees Cuddy and Pupi for follow-up care on December 23, 1980 and February 21, 1981. On both occasions, appellant complained of progressive shortness of breath and difficulty breathing. Appellee doctors told appellant that this condition was to be expected following the removal of a portion of the lung. Appellant's condition progressively deteriorated and resulted in his hospitalization several times beginning in May of 1981. Eventually, appellant's difficulty breathing caused him to terminate his employment in November of 1982. Around that time, appellant consulted a lung specialist, who explained to appellant that his shortness of breath was due to his decreased lung capacity, which resulted from the removal of part of his lung in 1980. On or about May 19, 1983, appellant consulted Dr. Michael Wald in connection with a Workmen's Compensation claim. After examining appellant and reviewing his medical records, Dr. Wald told appellant that the November 1980 surgery performed by appellees Cuddy and Pupi was unnecessary and was a substantial factor in appellant's disability.

Appellant initiated this action by filing a Writ of Summons on April 26, 1985. Appellees sought summary judgment contending that the action was commenced after the expiration of the two-year statute of limitations.[1] Appellants countered that the "discovery rule" exception to the statute of limitations applied because appellant commenced this action within two years of discovering his actionable injury (ie ... the unnecessary removal of his lung). The

1. 42 Pa.C.S.A. § 5524.

trial court granted summary judgment concluding that appellant knew shortly after the operation that his lung had been removed, that such removal had been the result of misdiagnosis and that the operation had caused his medical problems. The Superior Court affirmed, 570 A.2d 1092, and adopted the opinion of the trial court.

■ Summary judgment shall be entered:

... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Pa.R.C.P. 1035(b). "The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991). Summary judgment may be entered only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.,* 522 Pa. 367, 369, 562 A.2d 279, 280 (1989).

■ In Pennsylvania, a cause of action for medical malpractice is controlled by the two-year statute of limitations set forth in 42 Pa.C.S.A. § 5524. Section 5524 provides, in pertinent part, that:

The following actions and proceedings must be commenced within two years:

  *  *  *  *  *  *

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period. *Schaffer v. Larzelere,* 410 Pa. 402, 405, 189 A.2d 267, 269 (1963). "Thus, the statute of limitations begins to

run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 84, 468 A.2d 468, 471 (1983).

Generally, once the prescribed statutory period has expired, the complaining party is barred from bringing suit. The "discovery rule," however, is an exception to that rule, and its application tolls the running of the statute of limitations. The "discovery rule" provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible. *Schaffer,* 410 Pa. at 406, 189 A.2d at 270. The "discovery rule" arises from the inability of the injured party, despite the exercise of reasonable diligence, to know of the injury or its cause. *Pocono,* 503 Pa. at 85, 468 A.2d at 471. Its purpose is to exclude the period of time during which the injured party is reasonably unaware that an injury has been sustained so that people in that class have essentially the same rights as those who suffer an immediately ascertainable injury. *Pounds v. Lehman,* 384 Pa.Super. 358, 363, 558 A.2d 872, 874 (1989).

Whether the statute has run on a claim is usually a question of law for the trial judge, but where the issue involves a factual determination, the determination is for the jury. *Smith v. Bell Telephone Co. of Pennsylvania,* 397 Pa. 134, 142, 153 A.2d 477, 481 (1959). Specifically, the point at which the complaining party should reasonably be aware that he has suffered an injury is generally an issue of fact to be determined by the jury; only where the facts are so clear that reasonable minds cannot differ may the commencement of the limitations period be determined as a matter of law. *Sadtler v. Jackson–Cross Co.,* 402 Pa.Super. 492, 501, 587 A.2d 727, 732 (1991).

■ In support of summary judgment, appellees herein argue that this action is barred by the statute of limitations because it was commenced more than two years after appellant's discovery of his injury. They allege that appellant knew of his breathing difficulty and knew that the 1980 surgery caused it since the days immediately following the surgery or, at the very latest, since November of 1982 when the lung specialist informed appellant that his shortness of breath was a result of the 1980 surgery. In addition, appellees argue that the fact that appellant's lung may have been removed unnecessarily was reasonably ascertainable immediately following the surgery because appellant knew almost immediately that the operation was predicated on a misdiagnosis and because appellant even questioned the need for the surgery at the time that appellee Cuddy informed him of the misdiagnosis.

Appellant, however, urges application of the "discovery rule" because he did not discover his injury until May 19, 1983 when Dr. Wald informed him that the 1980 surgery was unnecessary. Appellant also emphasizes that his injury was not reasonably ascertainable beforehand because appellee Cuddy specifically assured appellant that the removal of the lung was necessary—regardless of the benign nature of the mass. Appellant suggests that, given the nature of the medical field and its complexity, he could not be expected to know, until informed otherwise by Dr. Wald, that the ill effects he suffered were a result of wrongdoing and not merely the unexpected, inevitable or unforeseeable consequences of the medical treatment, and therefore, he acted reasonably in relying on his doctor's assurance that the surgery was medically necessary.

A jury could very well find that appellant reasonably should have investigated the need for the surgery at the time that he was informed of the misdiagnosis, and thereby, have discovered the alleged malpractice. A jury, however, could just as well find that appellant acted reasonably in not investigating further and in being satisfied by appellee Cuddy's assurances that the surgery was indeed necessary.

Because reasonable minds could differ as to when appellant's injury was reasonably ascertainable, a jury question is presented, and therefore, summary judgment is not appropriate.

Accordingly, we reverse the decision of the Superior Court and remand the case to the Court of Common Pleas for further proceedings consistent with this Opinion.

McDERMOTT, J., files a concurring opinion.

NIX, C.J., concurs in the result.

ZAPPALA, J., files a dissenting opinion.

McDERMOTT, Justice concurring.

I concur in the result solely because of the procedural mode in which this case was decided below: this case was not appropriate for summary judgment.

ZAPPALA, Justice, dissenting.

I dissent and would affirm on the basis of the opinion of the learned trial court.