## Baier v. Franklin Township Volunteer Fire Co.

*Maurice A. Cardone,* for plaintiff.
*Paul E. Smith,* for defendant.

LAVELLE, *J.,* December 11, 1995—This case is before the court on the motion for summary judgment of Franklin Township Volunteer Fire Company Number 1.

The facts may be briefly stated. Plaintiff, Linda E. Baier, attended a wedding reception on September 21, 1991 at the hall of the fire company. While Baier was walking across the floor during the wedding reception, she stepped on a "clear liquid substance" which precipitated a fall and injury. We have carefully reviewed the pleadings, accompanying briefs, and depositions and heard arguments of counsel. The motion is ready for disposition.

## DISCUSSION

Fire company contends that it is immune from liability under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541. It further argues that the Real Property Exception, 42 Pa.C.S. §8542(b)(3), is not applicable because there is no allegation in the complaint or evidence in the depositions and pleadings that plaintiff's injuries were caused by an inherent defect of the real

estate. We disagree and shall deny the motion for summary judgment.

A party is entitled to summary judgment, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. no. 1035(b). The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 608 A.2d 1040 (1992). For purposes of a motion for summary judgment, we must accept as true all of the well pleaded allegations of plaintiff's complaint.

Baier's complaint alleges that she slipped on a dangerous condition on the floor of fire company's fire hall and that the dangerous condition was caused by one of fire company's agents, servants, or employees. If proven, those facts are sufficient to allow Baier's case to be heard by a jury. A governmental unit may be held liable if it is actively at fault in bringing about injuries to a plaintiff. *Crowell v. City of Philadelphia,* 531 Pa. 400, 613 A.2d 1178 (1992) (The City of Philadelphia held liable for injuries to plaintiff in an automobile accident caused by a city employee who placed an erroneous directional arrow on road which caused plaintiff to turn left into oncoming traffic, instead of right.)

The pleadings and depositions reveal that there is a dispute as to whether fire company's employee created the dangerous condition. Farley Foster, a witness who was seated near the area where Baier fell, testified that

he observed someone mopping the floor in the vicinity of Baier's accident shortly before she fell. He also testified that he noticed the floor was wet. Baier's boyfriend also testified that the floor was wet when he went to help Baier immediately after her fall. One of the fire company's two bartenders working at the reception testified that he may have mopped the floor before the accident, but later testified that he could not remember if he had mopped the floor. Fire company denied in its answer to plaintiff's complaint that the floor was wet and that the only mopping that might have occurred prior to the accident was a dry mopping. Because there is a dispute as to a material fact *i.e.,* how the floor became wet, summary judgment cannot be entered.

Fire company cites *Finn v. City of Philadelphia,* 541 Pa. 596, 664 A.2d 1342 (1995) to support its theory that the instant case does not fall within the real property exception of the Act because there is no claim or evidence of an inherent defect in the real estate. *Finn* is inapposite. Finn slipped and fell on an accumulation of grease on a city sidewalk and brought suit against the city. The Supreme Court of Pennsylvania held the city immune from liability. It reasoned that because the grease was not a defect "of" the real property, the real property exception to the Act was inapplicable. Contrary to the instant case, there were no allegations in Finn's complaint, nor any evidence establishing active fault on the part of the city or a direct nexus between any alleged negligence of the city and the injuries sustained by Finn. It is Baier's claim that a fire company employee played an active role in causing the accident by creating an accumulation of water on the floor and this water caused the fall. These facts preclude the application of the *Finn* rationale. In our view, the Supreme

Court in *Finn* left intact its holding in the *Crowell* case, *supra,* which we believe is applicable here.

For the foregoing reasons, we enter the following

## ORDER

And now, December 11, 1995, upon consideration of defendant, Franklin Township Volunteer Fire Co. No. 1's motion for summary judgment, it is hereby ordered and decreed that defendant's motion for summary judgment is hereby denied and dismissed.