## Welsh v. Stewartstown Borough Authority

C.P. of York County, no. 95-SU-05625-07.

*Michael W. Flannelly,* for plaintiff.
*William H. Poole,* for defendant.

KENNEDY, *J.,* November 23, 1998—This matter is before the court on motions for summary judgment presented by plaintiff and defendant. For the reasons that

follow, we will deny plaintiff's motion and grant defendant's motion insofar as plaintiff has an adequate remedy at law.

## FACTUAL AND PROCEDURAL BACKGROUND

H&M Builders Inc. owned four lots in Ebaugh Creek, a subdivision located in Stewartstown Borough, York County. On September 28, 1994, H&M and the Stewartstown Borough Authority entered into a tapping fee agreement which, contingent on the payment of the fees or the posting of security, gave H&M permits to connect the four lots in Ebaugh Creek to the Stewartstown sewer and water systems. Sometime in 1995, H&M transferred ownership of the lots to Lambert Construction, retaining the permits for itself. On September 14, 1995, H&M and Stuart Welsh executed a form requesting that SBA transfer H&M's permits to Welsh. At its October 25, 1995 meeting, SBA issued new sewer and water connection permits to Lambert Construction for the lots formerly owned by H&M and also approved H&M's request for transfer of its permits to Welsh.

Welsh filed a two-count complaint in equity on December 19, 1995. Count I was a claim for breach of contract seeking specific performance, or in the alternative, the lost value of the permits. Count II was in mandamus, seeking an order compelling SBA to issue permits limiting Welsh's connection rights to the four lots previously owned by H&M and revoking the permits issued to Lambert Construction for the same four lots.

SBA filed preliminary objections to Welsh's complaint. SBA claimed Welsh lacked capacity to sue SBA, that H&M was a necessary party to the suit, and that the complaint failed to state a cause of action due to the exist-

ence of an adequate remedy at law. This court denied SBA's preliminary objections on March 18, 1996, citing insufficient facts of record. In doing so, the court noted that it would entertain a motion for summary judgment when the factual record was sufficiently developed.

SBA filed its answer and new matter on April 11, 1996. Thereafter, Welsh filed his reply to new matter on May 8, 1996. The parties conducted discovery and have each filed motions for summary judgment.

## ANALYSIS

Motions for summary judgment are governed by Pa.R.C.P. 1035.2 which states:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of material fact as to a necessary element of a cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require issues to be submitted to a jury."

## I. *Defendant's Motion*

SBA sets forth three arguments in support of its motion for summary judgment. SBA argues that Welsh lacks standing to sue because he was neither a party to, nor a

third party beneficiary of, the tapping fee agreement. SBA also argues that Welsh failed to join H&M, a necessary and indispensable party. Finally, SBA argues that Welsh has an adequate remedy at law.

### (A) Welsh Has Standing

SBA's argument regarding standing focuses on Count I of Welsh's complaint (breach of contract). SBA argues that because Welsh was not a party to, or a third party beneficiary of, the tapping fee agreement, he is not entitled to sue SBA for its breach. In reply, Welsh argues that he possesses standing to sue based on H&M's assignment of its rights under the tapping fee agreement to him.

"Generally a party to a contract does not become liable for a breach thereof to one who is not a party thereto." *Evans v. Otis Elevator Co.,* 403 Pa. 13, 18, 168 A.2d 573, 575 (1961). However, "[w]here an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights." *Smith v. Cumberland Group Ltd.,* 455 Pa. Super. 276, 285, 687 A.2d 1167, 1172 (1997). "Among these rights are the remedies the assignor once possessed." *Id.*

Paragraph 8 of the tapping fee agreement establishes the procedure for transfer of the rights created thereunder. Likewise, section IV of Stewartstown Borough Authority resolution no. 1994-02 outlines the procedure for transferring permits. In fact, H&M and Welsh executed a request for permit transfer, on a form prepared by SBA, on September 14, 1995 for the permits involved in this controversy.

Paragraph 10 of the tapping fee agreement requires a written assignment of the agreement by the owner as a

precondition to any transfer or approval. SBA points to this provision and argues that there was no valid transfer of rights under the agreement due to H&M and Welsh's failure to follow the procedure therein. Although the language of the tapping fee agreement is clear, it is equally clear that SBA approved the request for transfer at its October 25, 1995 meeting, thereby waiving the condition. An "obligor may ratify an otherwise invalid or ineffective assignment by his conduct." *Smith,* 455 Pa. Super. at 286, 687 A.2d at 1172. If SBA wanted to invoke the condition of written assignment, it should have done so prior to approving the transfer.

SBA also argues that Welsh lacks standing because he is not a third party beneficiary of the tapping fee agreement. Because we have decided that Welsh has standing as an assignee this argument is moot.

## (B) H&M Is Not Indispensable

SBA argues that summary judgment is appropriate because Welsh failed to join H&M, an indispensable party. "It is true . . . that unless all indispensable parties are made parties to an action, a court is powerless to grant relief." *Sprague v. Casey,* 520 Pa. 38, 48, 550 A.2d 184, 189 (1988). "A party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." *Id.* "A corollary of this principle is that a party against whom no redress is sought need not be joined." *Sprague,* 520 Pa. at 48-49, 550 A.2d at 189. Thus "if the merits of a case can be determined without prejudice to the rights of an absent party, the court may proceed." *Id.* at 49, 550 A.2d at 189.

In *Mechanicsburg Area School District v. Kline,* 494 Pa. 476, 481, 431 A.2d 953, 956 (1981), the Pennsylvania Supreme Court set forth the following guidelines for determining whether a party is to be considered indispensable in pending litigation:

"(1) Do absent parties have a right or interest related to the claim?

"(2) If so, what is the nature of that right or interest?

"(3) Is that right or interest essential to the merits of the issue?

"(4) Can justice be afforded without violating the due process rights of absent parties?"

SBA's argument that H&M is an indispensable party is primarily based on the fact that SBA and H&M were the original parties to the tapping fee agreement. Although H&M was at one time a party to the tapping fee agreement, it is not an indispensable party. As discussed above, the transfer of permits from H&M to Welsh was an assignment. An assignment is "a transfer or setting over of property, or of some right or interest therein, from one person to another, and, unless in some way qualified, it is properly the transfer of one whole interest in an estate, chattel, or other thing." *Purman Estate,* 358 Pa. 187, 190, 56 A.2d 86, 88 (1948). Nothing in the record indicates that H&M retained any interest in the permits or under the tapping fee agreement after the transfer was approved by SBA at its October 25, 1998 meeting. Without any interest in the permits or this case, H&M is not an indispensable party.

### (C) Welsh Has an Adequate Remedy at Law

SBA's final argument is that Welsh has an adequate remedy at law and thus is not entitled to the relief sought

in his complaint. Count I of Welsh's complaint seeks specific performance. Essentially he requests an order requiring any sewer and water hookups to be done under the authority of the permits he now possesses. A necessary corollary of this relief would be the revocation of the permits issued to Lambert Construction. In the alternative, Welsh seeks the loss in value of the hookups attributable to the fact that they are no longer applicable to the four lots in Ebaugh Creek. Count II of Welsh's complaint seeks mandamus in the alternative.

A decree of specific performance "will only be granted if the plaintiff is clearly entitled to such relief, there is no adequate remedy at law, and the chancellor believes that justice requires a decree." *Barnes v. McKellar,* 434 Pa. Super. 597, 609, 644 A.2d 770, 776 (1994). "Specific performance compels the surrender of a thing in itself, because that thing is unique and cannot by its nature be duplicated. . . . The value of the object sought transcends money because it has no peer of location, antiquity, artistry or skill." *Cimina v. Bronich,* 517 Pa. 378, 383, 537 A.2d 1355, 1357 (1988). (citation omitted)

Here, the objects in controversy are sewer and water connection permits. Welsh argues that specific performance is appropriate because these permits were linked with specific lots within the Ebaugh Creek subdivision. However, Welsh fails to demonstrate the uniqueness of the permits. The tapping fee agreement on which Welsh bases his case shows that these permits are transferable to both new owners and new lots. Further, the record indicates that Welsh obtained the permits from H&M for the sole purpose of resale to the current owners of the four lots in Ebaugh Creek.

The primary basis of Welsh's complaint is that the permits he obtained from H&M were attached to particular parcels of land, and that SBA's actions in separating the permits from these caused him harm. If Welsh is correct in his assertion that SBA's separation of the permits from particular lots is actionable, he can be adequately compensated with money damages. Welsh himself suggests that the measure of damages is properly the difference in value between the permits attached to the specific lots and the now "at large" permits.

Welsh seeks a writ of mandamus as an alternate theory of relief. "A writ of mandamus . . . is an extraordinary remedy which compels official performance of a ministerial act or mandatory duty, as opposed to a discretionary act. . . . The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure. . . . A writ of mandamus may be issued, only where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and lack of any other appropriate and adequate remedy. . . ." *Africa v. Horn,* 701 A.2d 273, 275 (Pa. Commw. 1997). (citations omitted)

Welsh's claim for mandamus fails on the last requirement, the lack of an adequate remedy. As discussed above, if Welsh is correct that SBA's separation of the permits from the particular lots is actionable, he can be adequately compensated with money damages.

For the foregoing reasons, SBA's motion for summary judgment is granted insofar as an adequate remedy at law exists.

## II. *Plaintiff's Motion*

In Welsh's motion for summary judgment, he seeks an order compelling SBA to specifically perform under

the tapping fee agreement and relink Welsh's permits to the four lots in the Ebaugh Creek subdivision. Alternatively, he asks for partial summary judgment on the issue of liability and a trial on the issue of damages. Welsh also asks for summary judgment under the theory of mandamus, or, alternatively, partial summary judgment and a trial on damages.

As already discussed, Welsh has an adequate remedy at law. Should Welsh prove his claim that SBA breached the agreement assigned to him by H&M, he will be entitled to money damages. As such, Welsh's motion for summary judgment insofar as it seeks an order for specific performance or mandamus is denied.

In the alternative, Welsh requests summary judgment as to liability and a trial on the issue of damages. Welsh's breach of contract action is premised on the argument that SBA breached the tapping fee agreement when it separated the permits Welsh obtained from the four lots in Ebaugh Creek and issued permits to Lambert Construction for the very same lots. Welsh points to the tapping fee agreement, Stewartstown Borough resolution no. 1994-02, and the request for permit transfer in support of his argument. SBA argues that summary judgment is inappropriate because there is a material dispute of fact regarding what rights Welsh acquired from H&M and SBA following the assignment and subsequent approval of the request to transfer the permits.

The tapping fee agreement between SBA and H&M refers to four lots in Ebaugh Creek. Under its terms, H&M was entitled to one permit for sewer and water connection for each tapping fee paid. The terms of the tapping fee agreement provide that it is nontransferable for the use of any other subdivision or lot, except as provided

therein. The tapping fee agreement also states that each permit shall be issued for a specific lot. The tapping fee agreement requires an owner who wishes to transfer ownership of a permit or lot for which permits have been issued, to file an application for approval with the SBA. Under the terms of the tapping fee agreement, a breach by an owner could result in a forfeiture of money paid and permits acquired. The pertinent sections of Stewartstown Borough resolution 1994-02 mirror the tapping fee agreement. The request for permit transfer specifically named Ebaugh Creek and lots 2, 37, 39 and 50. Stuart W. Welsh is named as the new owner on the request. The request lists the new location as "same as above at this time."

While it is true that a breach of contract action can be decided on a motion for summary judgment, the fact that granting the motion prematurely ends the case against the non-moving party makes such a grant appropriate in only the clearest of cases. *Payton v. Pennsylvania Sling Co.,* 710 A.2d 1221, 1224 (Pa. Super. 1998). Summary judgment is not appropriate when there are substantial disputes as to the facts regarding the interpretation or application of the terms of a contract. *Henry v. First Federal Savings & Loan Association of Greene County,* 313 Pa. Super. 128, 134, 459 A.2d 772, 775 (1983).

Welsh argues that the terms of the tapping fee agreement and SBA resolution 1994-02, coupled with the fact that SBA approved H&M's request for permit transfer to Welsh at its October 25, 1995 meeting, entitled Welsh to judgment as a matter of law. In assessing Welsh's argument, this court is mindful of the requirement that motions for summary judgment must be viewed in the light most favorable to the non-moving party, and that

all doubts as to the existence of genuine issues of material fact must be resolved against the moving party. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 324, 608 A.2d 1040, 1042 (1992).

It is true that the tapping fee agreement and SBA resolution 1994-02 both state that permits are to be issued for specific lots. It is also true that SBA approved H&M's permit transfer request at its October 25, 1995 meeting. Despite these facts, Welsh has not met his burden of establishing that the issue of liability in this case can be decided on summary judgment.

The tapping fee agreement and SBA resolution 1994-02 on which Welsh relies contain the requirement that a lot owner who desires to transfer ownership of lot for which permits had been issued was required to submit an application for approval to SBA. H&M did not submit such an application before transferring the lots to Lambert. Thus, the possibility exists that H&M was in breach when it assigned its rights under the tapping fee agreement to Welsh. Because Welsh, as assignee, steps into H&M's shoes, this could have a bearing on SBA's liability for breach.

The permits transfer request signed by Welsh reflects the fact that permit transfers were subject to the approval of SBA. This request lists "same as above at this time" as the lot location for the permits. The record also indicates that H&M's request for permit transfer was granted at the same meeting at which SBA issued permits to Lambert Construction for the four lots it owned in Ebaugh Creek. Finally, there is deposition testimony in the record that indicates that an owner had never before sold a permitted lot without transferring the permits to the new owner.

While Welsh might ultimately prove that SBA is in breach, this action is not among the "clearest of cases" which are appropriate for summary judgment. Without passing on the merits of any, it appears that several possible scenarios may have been playing themselves out in this case. It may be that Welsh is correct and SBA is in breach under the tapping fee agreement; it may be that H&M breached by not seeking approval before transferring the four lots to Lambert Construction, or it may be that the parties modified the contract by their actions in response to a situation which may not have been contemplated at the time of the contracts creation.

Welsh claims his rights through H&M. Because there are material factual disputes regarding the nature of these rights, Welsh's motion for summary judgment is denied.

## ORDER

Plaintiff's motion for summary judgment is denied. The defendant's motion for summary judgment is granted insofar as plaintiff has an adequate remedy at law.