Erin P. PETTIT

v.

Jerome R. SMITH, Esq. and Charles B. Coleman, Esq.

CIV.A. No. 98–6707.
Bankruptcy No. 96–21161.
Adversary No. 97–2012.

United States District Court,
E.D. Pennsylvania.

Nov. 17, 1999.

John A. DiGiamberardino, DiGiamberardino & Associates, Wyomissing, PA, for plaintiff.

Jay L. Solnick, Gary A. De Vito, Zarwin, Baum, De Vito, Kaplan and O'Donnell, Philadelphia, PA, for defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This adversary action has been brought before this Court on appeal of the plaintiff, Erin Pettit, from the November 17, 1998 Order of Bankruptcy Judge Thomas M. Twardowski granting the motion of defendants Jerome Smith and Charles Coleman

for summary judgment. Under the authority of 28 U.S.C. § 158 and for the reasons which follow, we shall affirm Judge Twardowski's order.

## Background

On January 13, 1997, Erin Pettit instituted the instant legal malpractice action against the defendants as an ancillary to the petition for personal bankruptcy which she filed under Chapter 13 on April 18, 1996. Both plaintiff's bankruptcy and her claims against Messrs. Smith and Coleman arose out of the failure of her husband, Robert, to file federal income tax returns and pay taxes on behalf of himself and plaintiff between 1983 and 1989. As a result of this failure, Robert Pettit was criminally prosecuted, convicted and sentenced to serve six months in prison.

Robert Pettit had hired the defendants to represent and defend him in the criminal action and, in conjunction with their defense, Messrs. Smith and Coleman prepared the Pettits' income tax returns for 1983–1989. According to plaintiff, on the day of her husband's sentencing on March 12, 1993, Jerome Smith presented her with the completed tax returns and directed her to sign them. Plaintiff contends that she was not given any directions or legal or other advice regarding the returns other than the directive to sign them.

Thereafter, on May 27, 1994, plaintiff avers that she discovered for the first time that she was obligated to pay some $226,-812.98 in taxes, penalties and interest to the government when her wages were garnished by the IRS. Plaintiff submits that the defendants acted negligently and in breach of their obligation to provide legal services to her in a skillful, diligent and informed fashion by having prepared and filed the 1983–89 tax returns jointly with Robert Pettit, and in failing to advise her to file separate returns from her husband.

Defendants moved for summary judgment on the grounds that plaintiff's malpractice claims were barred by Pennsylvania's two year statute of limitations, 42

Pa.C.S. § 5524. Although rejected by the Bankruptcy Court, the plaintiff asserted there and again argues here, that the two-year statute of limitations was tolled by virtue of her failure to learn of the defendants' malpractice until May 27, 1994 and that alternatively, her malpractice claims sound in contract and are therefore governed by Pennsylvania's four year statute of limitations set forth in 42 Pa.C.S. § 5525(3).

## Standards Governing Summary Judgment Motions

Under Bank.R. 7056, 11 U.S.C., "Rule 56 F.R.Civ.P. applies in adversary proceedings" such as the one underlying this appeal. Fed.R.Civ.P. 56(c), in turn, provides in relevant part that:

> ...The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law...

See Also: In re Smith, 189 B.R. 240 (Bankr.D.N.H.1995).

As a general rule, the party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); In re John's Meat Emporium, Inc., 176 B.R. 700 (Bankr. E.D.N.Y.1995). Once it appears from the record that there are no genuine issues of material fact, the burden shifts to the party opposing summary judgment to establish that genuine issues of material fact do in fact exist. In re Weinhardt, 156 B.R. 677 (Bankr.M.D.Fla.1993); Fed.R.Civ.P. 56(e).

In considering a summary judgment motion, the court must view the facts

in the light most favorable to the party opposing the motion and all reasonable inferences from the facts must be drawn in favor of that party as well. *U.S. v. Kensington Hospital,* 760 F.Supp. 1120 (E.D.Pa.1991); *Schillachi v. Flying Dutchman Motorcycle Club,* 751 F.Supp. 1169 (E.D.Pa.1990). The district court's review of a bankruptcy court's decision to grant summary judgment is *de novo. Kunkel v. Sprague National Bank,* 128 F.3d 636 (8th Cir.1997).

### Discussion

As noted above, it is and was the defendants' position that the plaintiff's legal malpractice claims against them are time-barred by virtue of her failure to commence them within two years of the date on which they ostensibly occurred. Plaintiff, in turn, contends first, that the two-year statute of limitations was effectively tolled by the equitable "discovery rule," which should apply because she did not learn of the defendants' malpractice until May 27, 1994 when she received notification from the IRS that her wages were going to be attached and that since she thereafter filed her bankruptcy petition within two years, this action is timely. Second, plaintiff argues, her malpractice complaint sounds in contract—not in tort and this action should therefore be governed by the four-year statute of limitations applicable to non-written contracts.

■ Under Pennsylvania law, both contract and tort theories provide appropriate frameworks for claims of legal malpractice. *Sherman Industries, Inc. v. Goldhammer,* 683 F.Supp. 502, 506 (E.D.Pa.1988), *citing Duke & Company v. Anderson,* 275 Pa.Super. 65, 418 A.2d 613, 615 (1980). In a malpractice action based on an attorney's representation in a civil matter, a plaintiff must establish three elements in order to recover:

1. The employment of the attorney or other basis for duty;

2. The failure of the attorney to exercise ordinary skill and knowledge; and

3. That such failure was the proximate cause of damage to the plaintiff.

*Bailey v. Tucker,* 533 Pa. 237, 621 A.2d 108, 115 (1993).

■ To sustain a claim of tortious malpractice, plaintiff must raise an issue whether defendants failed to exercise the standard of care that a reasonable attorney would exercise under the circumstances. *Sherman Industries,* 683 F.Supp. at 506, *citing Trice v. Mozenter,* 356 Pa.Super. 510, 515 A.2d 10, 13 (1986). To sustain a claim of legal malpractice that arises from a breach of contract, a plaintiff must show that there was a contract and that the defendant breached a specific provision thereof. *Id.* Thus, to distinguish a contract malpractice claim from a tort claim, the plaintiff claiming under a contract theory must raise an issue as to whether it specifically instructed the defendant to perform a task that the defendant failed to perform, or as to whether the defendant made a specific promise upon which plaintiff reasonably relied to his detriment. *Id.*

■ In Pennsylvania, a two-year period of limitations governs legal malpractice actions based in tort and thus a plaintiff has two years from the time a malpractice cause of action accrues in which to bring suit. *Harsco Corp. v. Kerkam, Stowell, Kondracki & Clarke, P.C.,* 961 F.Supp. 104, 106 (M.D.Pa.1997); *Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.,* 1997 WL 102521, 1997 U.S. Dist. LEXIS 2375 (E.D.Pa. 1997); 42 Pa.C.S. § 5524. Under the "occurrence rule," a cause of action for malpractice accrues at the time an attorney breaches his or her duty to the plaintiff. *Saferstein,* at *8, *citing Garcia v. Community Legal Services Corp.,* 362 Pa.Super. 484, 524 A.2d 980, 984 (1987); *Moore v. McComsey,* 313 Pa.Super. 264, 459 A.2d 841, 844 (1983).

■ As a general rule then, once the prescribed statutory period has expired,

the complaining party is barred from bringing suit. The discovery rule, however, is an exception to that principle in that its application tolls the running of the statute of limitations. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 608 A.2d 1040, 1043 (1992); *Saferstein,* at *9. The discovery rule provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible. *Hayward, supra; Davis v. Grimaldi, Haley & Frangiosa, P.C.,* 1998 WL 967516, 1998 U.S. Dist. LEXIS 15681 (E.D.Pa.1998) at *7. *See Also: Dalrymple v. Brown,* 549 Pa. 217, 701 A.2d 164, 167 (1997). However, lack of knowledge, mistake or misunderstanding will not toll the statute of limitations. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 468 A.2d 468, 471 (1983); *Davis v. Grimaldi,* at *9. Instead, the discovery rule will be held to arise only from the inability of the injured, despite the exercise of due diligence, to know of the injury or its cause. *Pocono Raceway, supra.*

█ In reviewing the record in this matter with the foregoing principles in mind, we can find no error in Judge Twardowski's ruling of November 17, 1998. For one, while the plaintiff's complaint alleges that "[t]he Defendants' conduct or omissions...constituted a breach of the Defendants' duty to exercise reasonable care, skill, and diligence on the Plaintiff's behalf and otherwise constituted a breach of the Defendants' contractual obligation to provide legal services to the Plaintiff in a skill informed and diligent fashion," nowhere are there any allegations or proof in either the pleadings or the record that the defendants breached a *specific* contractual provision or directive. We therefore must agree with Judge Twardowski that Mrs. Pettit's legal malpractice claim is grounded solely in tort—not in contract.

█ We thus must next examine whether there is any evidence to support the plaintiff's contention that the discovery rule should have been applied to equitably toll the two-year period of limitations. In so doing, we find that it is clear from the plaintiff's brief and her deposition testimony that she knew or should have known when she signed the income tax returns prepared by the defendants on the date of her husband's sentencing hearing on March 12, 1993 that those returns were being filed jointly on behalf of herself and her husband. In addition, at or around this same time, Mrs. Pettit had a telephone conversation with an IRS agent and, shortly after Defendant Smith turned in the Pettits' tax returns, Plaintiff began making payments on the tax bill in the amount of $100 per month. She apparently discontinued making these payments on Mr. Smith's advice and the IRS thereafter garnished her wages. (E. Pettit Dep., 68–77). We therefore find that plaintiff could well have learned that she had a potential cause of action against Messrs. Smith and Coleman for legal malpractice as early as March, 1993. We thus conclude that the statute of limitations on plaintiffs' claims properly began to run in March, 1993 and there was no basis upon which to toll it under the facts of this case. Accordingly, we affirm the Bankruptcy Court's Order of November 17, 1998 granting the defendants' motion for summary judgment.