

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2002

# Caleb v. CRST Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2218

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Caleb v. CRST Inc" (2002). *2002 Decisions.* Paper 540.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/540

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2218
_____

TAMEKA CALEB, an Incapacitated Person,
by BRENDA CALEB,
Appellant

v.

CRST, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 01-cv-00351
(Honorable Robert F. Kelly)
_____

Argued April 22, 2002

Before: SCIRICA, RENDELL and NOONAN*, <u>Circuit</u> <u>Judges</u>

(Filed    August 28, 2002)

_____

*The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

DANIEL J. SIEGEL, ESQUIRE (ARGUED)

SOL H. WEISS, ESQUIRE
Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley
1900 Delancey Place
Philadelphia, Pennsylvania 19103

      Attorneys for Appellant

THOMAS J. WAGNER, ESQUIRE (ARGUED)
Law Office of Thomas J. Wagner
1528 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19102

      Attorney for Appellee

———————————

OPINION OF THE COURT
———————————

SCIRICA, <u>Circuit</u> <u>Judge</u>.

This is an appeal from an Order granting CRST, Inc.'s motion to dismiss because the statute of limitations had expired and the action was time-barred.[1] Tameka Caleb contends the District Court miscalculated when the statute of limitations began to run and misapplied the "discovery rule." We will affirm, but on different grounds.

**I.**

On September 23, 1996, Tameka Caleb drove into the rear of a parked trailer manufactured by Strick Corp. and owned by CRST. She was seriously injured. In August

---

[1] We exercise plenary review of the dismissal under Fed. R. Civ. P. 12(b)(6). <u>Algrant v. Evergreen Vall. Nurseries Ltd. P'ship</u>, 126 F.3d 178, 181 (3d Cir. 1994).

1998, Caleb filed suit in the Court of Common Pleas against CRST for negligence[2] and against Strick for negligence and product liability ("underlying action").[3] Strick's Answer, filed November 19, 1998, asserted that CRST "may be legally responsible" for spoliation of evidence (the rear under-ride protection bar/ICC bar and other component parts of the trailer) and included a cross-claim against CRST seeking contribution and indemnification.[4]

The underlying state court action went to trial in November 2000, and a jury found in favor of defendants.[5] On November 15, 2000, while the underlying action was still pending, Tameka Caleb filed a Writ of Summons in the Court of Common Pleas against CRST

---

[2]Caleb never alleged that CRST negligently maintained the rear bumper guard. Caleb claimed, inter alia, that CRST negligently: (1) parked its trailer; (2) failed to hire and train competent drivers; and (3) parked "illegally" and in violation of Philadelphia Code § 12.1120 entitled "Abandoned Vehicles." Caleb's "illegal parking" and Municipal Code claims were dismissed on summary judgment on July 2, 1999. On July 14, 2000, Caleb's negligent parking claim was also dismissed on summary judgment.

[3]Caleb alleges the rear bumper guard/ICC bar failed and her vehicle went under the truck, causing her catastrophic injuries. Caleb brought negligence and product liability claims against Strick asserting the trailer's ICC bar was defectively designed, manufactured and maintained. Caleb's negligence claims against CRST involve the location of the trailer rather than the trailer's condition and maintenance.

[4]The Court of Common Pleas granted CRST's Motion for Summary Judgment on July 24, 2000. CRST was dismissed as a defendant on all claims, including Strick's cross-claim. But in an August 30, 2000 Order, the Court of Common Pleas granted Strick's Motion for Reconsideration and reinstated CRST as a defendant only in Strick's cross-claim for contribution and indemnification.

[5]Caleb appealed, and on January 18, 2002, the Superior Court affirmed the trial court and concluded that "[b]ecause none of the issues raised on appeal have merit, we affirm the orders entered below, denying post trial relief, and entering summary judgment and judgment on the jury verdict." Caleb v. Strick Corp., No. 494 EDA 2001, at *10 (Pa. Super. Ct. Jan. 18, 2001).

3

asserting "economic loss" resulting from "CRST's spoliation of evidence," which "significantly impaired" her "ability to prove a product liability action against Strick and a negligence action against defendant CRST" ("this action"). CRST removed the case to federal court and filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). As noted, the District Court granted the motion to dismiss, holding the two-year statute of limitations had expired.

## II.

"In reviewing a motion to dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6), all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party." Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987) (citations omitted). Granting a Rule 12(b)(6) motion based on statute of limitations grounds is proper if the complaint facially shows noncompliance with the limitations period. Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). If a limitations "bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Id. at 1174. But, as we have stated:

> [T]o resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint. Specifically, on a motion to dismiss, we may take judicial notice of another court's opinion--not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.

4

S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426

(3d Cir. 1999) (citations omitted).[6]

In diversity cases, federal courts must apply state substantive law, including statutes

of limitations.  Ciccarelli v. Carey Canadian Mines, Ltd., 757 F.2d 548, 552 (3d Cir. 1991).

The parties agree the applicable limitations period is two years under 42 Pa. C.S.A. § 5524.[7]

But they dispute when the time limitation began to run and whether or not it was tolled by

the "discovery rule" or a similar equitable doctrine.

Caleb claims the period began to run on her spoliation claim in June 1999, when,

during a meeting with a CRST representative, her attorney discovered the ICC bar was

missing.  Under this view, the statute did not expire until June 2001, well after she filed this

action.  In response, CRST contends the statute of limitations began running either on

---

[6]Because the District Court "restricted its consideration to only those matters alleged in the complaint and matters of public record (i.e., the judgments, and Orders entered in the underlying action)" in ruling on the motion to dismiss, Caleb's arguments regarding the permissible scope of a court's inquiry on a 12(b)(6) motion (in particular the argument that the District Court implicitly "converted" the Rule 12(b)(6) motion into a Rule 56 summary judgment motion by looking beyond the face of the complaint) are without merit.  S. Cross Overseas Agencies, 181 F.3d at 426.

[7]42 Pa. C.S.A. § 5524 provides in relevant part:
   The following actions and proceedings must be commenced within two years:
   (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
   (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

September 23, 1996, the date of the accident, or in August 1998, when Caleb filed her complaint, which relied in part on the defective design, manufacture, and condition of the ICC bar and the component parts of the trailer.

The District Court determined the two-year period began to run in August 1998, when Caleb filed the underlying action:

> As a result of the pivotal role that the trailer, ICC bar and its component parts played in Tameka Caleb's underlying action, the Court finds that she possessed sufficient critical facts to be put on notice that CRST's repair of the trailer and disposal of the ICC bar and its component parts were injurious to her underlying action . . . . as of August 1998.

Caleb, 2001 WL 438420, at *4.  But, as the District Court stated, the Supreme Court of Pennsylvania has held:

> Whether the statute has run on a claim is usually a question of law for the trial judge, but where the issue involves a factual determination, the determination is for the jury. Specifically, the point at which the complaining party should reasonably be aware that he has suffered an injury is generally an issue of fact to be determined by the jury; only where the facts are so clear that reasonable minds cannot differ may the commencement of the limitations period be determined as a matter of law.  Am. Index. Ins. Co. v. Ledgeman, No. 97-4153, 2000 WL 1209371, (E.D. Pa. Aug. 25, 2000) (quoting Hayward v. Med. Ctr. of Beaver County, 608 A.2d 1040, 1043 (Pa. 1992)).

Id.  The District Court concluded "the facts are so clear that reasonable minds cannot differ" that Caleb should have been aware of her injury by August 1998.  We disagree.

Caleb should have requested the preservation of the ICC bar and, at the least, investigated the bar and the component trailer parts at an earlier time.  But we cannot say the limitations period began to run when Caleb filed her complaint in August 1998.  It is unclear whether the ICC bar and component parts had been disposed of by August 1998.

6

There is no allegation or evidence when the ICC bar "spoliated." Therefore, it is not indisputable that Caleb should reasonably have been aware of her claim in August 1998.

Caleb was certainly put on notice that CRST might have disposed of the ICC bar when on November 19, 1998, Strick filed its Answer stating that CRST "may be legally responsible" for spoliation of evidence. It would appear, therefore, that the statute of limitations began to run as of November 19, 1998, when Caleb knew or should have known of a spoliation claim. It was defendant's burden to prove the affirmative defense of the statute and defendant has not pointed to an earlier date. Accordingly, since suit was filed on November 15, 2000 – within two years of November 19, 1998 – we cannot conclude at this stage of the proceeding that dismissal based on the statute of limitations was appropriate.

Nonetheless, we will affirm the dismissal of this action on a different ground argued by CRST. Pennsylvania courts have not recognized "spoliation" of evidence as a distinct cause of action. To date,

> no appellate court in this Commonwealth [Pennsylvania] has recognized a distinct cause of action for spoliation of evidence either by a party litigant or a third party. Elias v. Lancaster Gen. Hosp., 710 A.2d 65, 67 (Pa. Super. Ct. 1998). Instead, the theory has occasionally been applied in cases where a party seeks sanctions, such as adverse inferences or burden shifting, against the "spoiler" within an existing personal injury or products liability action.[8]

---

[8]In cases where the spoliation claim is brought within an existing personal injury or products liability action, the Supreme Court of Pennsylvania has adopted our approach. In Schroeder v. Pa. Dep't of Transp., the Pennsylvania Supreme Court held:

> In deciding the proper penalty for the spoliation of evidence, the Third Circuit found relevant (1) the degree of fault of the party who altered or destroyed the evidence;

(continued...)

7

Caleb, No. 494 EDA 2001, at *8 n.4 (Pa. Super. Ct. Jan. 18, 2001).

Without "guidance from the state supreme court or any intermediate appellate courts, we must predict how the state supreme court would resolve this issue if it were before that court." Burgh v. Borough Council of Montrose, 251 F.3d 465, 474 (3d Cir. 2001) (citations omitted). Although the Pennsylvania Supreme Court has not yet spoken, we have guidance from the Pennsylvania Superior Court, the intermediate appellate court. This is sufficient for our purposes. Someday, the Pennsylvania Supreme Court may have the opportunity to decide this issue. But we see no reason to second guess the judgment of the Pennsylvania Superior Court. Furthermore, on the basis of the existing state of Pennsylvania law, we predict the Supreme Court would not create a distinct cause of action for the spoliation of evidence brought outside an existing personal injury or products liability action. Therefore, we will affirm the dismissal for failure to state a cognizable claim.

## III.

For the foregoing reasons, we will affirm the District Court's order of dismissal.

---

[8](...continued)
(2) the degree of prejudice suffered by the opposing party, and (3) the availability of a lesser sanction that will protect the opposing party's rights and deter future similar conduct . . . . Having considered this authority, we adopt the Third Circuit's approach to the spoliation of evidence in [Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76 (3d Cir. 1994)]. Fashioning a sanction for the spoliation of evidence based upon fault, prejudice, and other available sanctions will discourage intentional destruction.

710 A.2d 23, 27 (Pa. 1998).

TO THE CLERK:

Please file the foregoing opinion.

/s/ Anthony J. Scirica
Circuit Judge

DATED:   August 28, 2002

10