

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2007

# LeBar v. Bahl

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4986

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"LeBar v. Bahl" (2007). *2007 Decisions*. Paper 532.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/532

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-338                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4986
_____

DAYTON LEBAR,
                              Appellant

v.

SAL P. BAHL; SHARA SAVIEKIS; STACIE GILL; BONNIE E.L. MYLES
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 02-cv-02380)
District Judge: Honorable James M. Munley
_____

Submitted For Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
August 9, 2007
Before:  SLOVITER, CHAGARES AND COWEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed:  August 28, 2007)
_____

OPINION
_____

PER CURIAM

       Appellant, Dayton LeBar, appeals <u>pro</u> <u>se</u> from an order of the United States

District Court for the Middle District of Pennsylvania granting summary judgment against

him in his civil rights suit.  For essentially the reasons set forth by the District Court, we

conclude that the appeal is lacking in legal merit and will dismiss it pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

As this is the second time that this matter has come before the Court, we only briefly recount the facts necessary to dispose of the instant appeal. On December 31, 2002, LeBar filed a complaint pursuant to 42 U.S.C. § 1983 against the Monroe County Children and Youth Services Department and various employees of that agency (29 defendants in all), alleging that the defendants violated his Fourteenth Amendment substantive and procedural due process rights, invaded his right to privacy, failed to provide him with sex offender treatment, breached his right to confidentiality, defamed his character, and negligently handled his case when the agency removed his daughter from his home and placed her in protective custody amid allegations of sexual abuse.

Subsequent to LeBar's filing of an amended complaint, the District Court entered an order on February 18, 2004 granting defendants' motion to dismiss all claims against them for failure to state a claim upon which relief could be granted. On appeal, we affirmed in part and reversed in part the District Court's judgment. See LeBar v. Monroe County Children and Youth Services, et al., C.A. No. 04-1492, slip op. (3d Cir. February 9, 2005). In particular, we affirmed the District Court's dismissal of all claims save LeBar's procedural due process claim. "Without commenting on the ultimate merits of the claim, we [found] that LeBar sufficiently alleged a violation of procedural due process against CYS defendants Bahl. Staveikis, Gill, and Myles, and thus, we conclude[d] that the claim was improperly dismissed pursuant to Rule 12(b)(6)." Id. at 10. Accordingly, we vacated the District Court's judgment as to CYS defendants Bahl, Staveikis, Gill, and Myles and remanded the matter for further proceedings.

The four remaining defendants thereafter filed an answer to LeBar's complaint on April 5, 2005, asserting, inter alia, that the complaint was barred by the applicable statute of limitations. Defendants eventually followed their answer with the filing of motions for summary judgment based in part on the statute of limitations defense. In ruling on defendants' second motion for summary judgment, the District Court noted that the applicable limitations period was two years. See Wilson v. Garcia, 471 U.S. 261, 265 (1985); 42 Pa. Const. Stat. Ann. § 5524. The court further concluded that, as determined by the Pennsylvania courts, the limitations period begins to run "when the plaintiff knows, or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's misconduct." District Court's Memorandum Opinion entered 11/28/06 at 5, quoting Cathcart v. Keene Indus. Insulation, 471 A.2d 493, 500 (Pa. Super. Ct. 1984). The District Court's application of that principle proved fatal to LeBar's procedural due process claim.

The District Court noted that the primary bases for LeBar's procedural due process claim were allegations that CYS defendants Bahl, Saveikis, Gill, and Myles failed to confer with him within the required 48 hours after his arrest on October 25, 2000 when his daughter was taken into protective custody, and failed to conduct an informal hearing within the required 72 hours, all in violation of state law, specifically 55 Pa. Code § 3130.61, 42 Pa. Cons. Stat. § 6332 and 23 Pa. Cons. Stat. § 6315(d) and (f). Given that LeBar's injury came about when the agency took his daughter into custody and failed to follow proper procedure in reviewing her status, or, at the latest, on November 6, 2000, when Monroe County Court of Common Pleas Judge Peter J. O'Brien ruled on the

agency's emergency petition for protective custody of LeBar's daughter, the District Court found that LeBar's procedural due process claim – set forth in his complaint dated December 24, 2002 – was not filed in a timely fashion. The court noted that LeBar signed a receipt on October 25th acknowledging that his daughter had been taken into protective custody, and that he attended the November 6th hearing. According to the District Court, the discovery rule was thus inapplicable as LeBar knew at that time that the agency was the cause of his alleged injury, and he had only to exercise reasonable diligence in investigating the particular claim he could bring. See Memorandum Opinion of 11/28/06 at 7, citing Hayward v. Medical Center of Beaver County, 608 A.2d 1040, 1042 (Pa. 1992); Pocono International Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 471 (Pa. 1983). Since LeBar failed to file his complaint within the two year statute of limitations for § 1983 claims, the District Court granted defendants' summary judgment motion on the ground that it was time barred.

The District Court further concluded that summary judgment in favor of defendants would be appropriate even if it were to consider the merits of LeBar's procedural due process claim. In support of that determination, the District Court noted that defendants provided evidence that conclusively demonstrated that they informed LeBar of the agency's action in taking his daughter into protective custody within the initial 24 hour period, as required by 23 Pa. Cons. Stat. § 6315(c). Additionally, even if defendants violated 42 Pa. Cons. Stat. § 6332(a) by failing to hold a hearing within 72 hours of taking his daughter into custody, the District Court determined that, given the particulars of this case – i.e., LeBar admitted to abusing his daughter, was incarcerated at

the time the agency took custody and had no opportunity to take custody of the child – the procedures employed by the agency nonetheless provided LeBar with all the process due him under the United States Constitution. Finally, the District Court concluded that defendants were also entitled to qualified immunity.

LeBar timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review a District Court's grant of summary judgment de novo. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). Having reviewed the record, we must agree with the District Court that LeBar's procedural due process claim was subject to dismissal for having been filed beyond the applicable limitations period. As the District Court correctly concluded, the discovery rule exception is simply not applicable. See, e.g., Mest v. Cabot Corp., 449 F.3d 502, *510 (3d Cir. 2006) ("The discovery rule is designed to 'ameliorate the sometimes-harsh effects of the statute of limitations,' and it is often applied in medical malpractice and latent disease cases in which the plaintiff is *unable* to discover his or her injury until several years after the tort occurred.")(internal citation omitted). Moreover, in the absence of unlawful acts committed during the limitations period, LeBar can not demonstrate that a continuous tort has occurred. LeBar's complaint filed in December 2002 was untimely as to those events which occurred in October and November 2000, and defendants were entitled to have judgment entered in their favor.

We will thus dismiss the instant appeal pursuant to 28 U.S.C. § 1915(e)(2)(B), as it is lacking in legal merit. Neitzke v. Williams, 490 U.S. 319 (1989).