■ ONCOLOGY ASSOCIATES, Appellant, v McGRAW-HILL CORP. et al., Respondents. — Order of the Surpreme Court, New York County (Sherman, J.), entered June 24, 1983, granting the cross motion of plaintiff to amend its complaint, deeming the complaint amended and treating defendants' separate motions to dismiss plaintiff's complaint as motions directed to the amended complaint, and granting said motions to dismiss the complaint, modified, on the law, to reinstate the first, second and fourth causes of action and, except as so modified, affirmed, without costs.

Plaintiff, a Connecticut limited partnership, was formed for the purpose of purchasing master tapes dealing with cancer research and study. It was intended that these tapes would be reproduced in the form of videotape cassettes which would be sold or leased to doctors and medical institutions interested in the pursuit of continuing medical education. Some 18 other such limited partnerships were formed at or about the same time, allegedly sister partnerships, none of which is involved in this action. Their purpose was to advance continuing medical education by the same means in fields other than cancer. The defendants are McGraw-Hill Corp. (Mc-H), World Video Corporation

(Video) and Hofstein, its officer or director, World Medical Marketing Corp. (Medical) and Peter Rosenthal, its officer or director, Robson & Miller (R & M), a law firm consisting of Morton S. Robson and Kenneth Miller, and MJA, Inc. and Michael J. Aronin, its officer and director.

Although the amended complaint leaves much to inference, it would appear that Video is engaged in the production of the master tapes and the promotion of limited partnerships by which the tapes would be reproduced in the form of video cassettes and marketed to the medical profession and to medical institutions. Together with Medical it was instrumental in the formation, organization and promotion of plaintiff and participated in the sale of the master tapes, referred to in the amended complaint as the "Cancer Tapes", to plaintiff. MJA purchased the cancer tapes from Video and sold them to plaintiff. It also assisted in the sale of limited partnership interests to plaintiff.

Seemingly, the limited partnership was formed by Fribourg, its general partner, and negotiations had with Video, Medical and MJA prior to the sale of any limited partnership interests. A purchasing agreement was entered into by plaintiff with MJA. Mc-H was retained to appraise the tapes and R & M was retained to render a tax opinion. After the appraisal and the tax opinion were rendered an offering memorandum, which included the pertinent provisions of both, was distributed. Units in the limited partnership were thereafter purchased by 35 persons and thereupon the partnership paid over to MJA the sum of $772,400 for the cancer tapes, the sum of $15,000 to R & M for the tax opinion, the sum of $10,000 to Mc-H for its appraisal of the tapes and the sum of $10,000 to Medical for plaintiff's organization costs. In addition, at various times plaintiff paid over as commissions to persons involved in the sale of its limited partnership interests the approximate sum of $118,000.

Contending that the appraisal by Mc-H breached its agreement to accurately appraise the value of the tapes and that such appraisal was negligently performed, that the tax opinion prepared by R & M was negligently prepared and not in accordance with accepted tax practice and, further, that it failed to inform plaintiff that the sale of its limited partnership interests violated the Federal Securities Act of 1933 because of an integration problem among plaintiff and its 18 "sister" limited partnerships formed, organized and promoted by all defendants except Mc-H and, finally, that fraud had been committed against the limited partnership by all defendants except Mc-H, plaintiff commenced this action seeking compensatory damages against all defendants and punitive damages against all defendants except Mc-H.

Defendants separately moved to dismiss the complaint whereupon plaintiff cross-moved for leave to serve an amended complaint in the form annexed to the moving papers. Special Term granted plaintiff's cross motion to amend the complaint and deemed the amended complaint served. It found no substantial difference between the complaint and the amended complaint, treated defendants' motions as directed to the amended complaint and dismissed the amended complaint. The theory of Special Term's decision was that the wrongs alleged, if committed, were wrongs directed against the limited partners and that the injury, if any, which was suffered was suffered by them and only they could sue therefor.

We disagree in part. Accordingly, we modify.

Juridically speaking, a limited partnership is, for procedural purposes, in many respects akin to a corporation (*Ruzicka v Rager,* 305 NY 191, 197; *Lynn v Cohen,* 359 F Supp 565 [SDNY]). Indeed, so firmly fixed in the law is this concept that, by statute (CPLR 1025), a partnership may now sue or be sued in its partnership name. A limited partnership may sue to enforce an agreement made by it and it may be sued for breach of an agreement to which it is a party. We turn then to the two causes of action asserted against Mc-H. The first cause purports to allege the breach of an agreement to accurately appraise the value of the master tapes; the second alleges that the appraisal was done negligently.

The agreement to appraise was entered into between the partnership and Mc-H. Only the partnership was injured by breach of the agreement or by its negligent performance. While it is true that, in the ultimate, those who suffered thereby were the partners, their injury is derivative. On this record we cannot say that it was improper for the partnership to act as the party to enforce the contract.

We take note of the fact that, at least in their damage aspects, the first and second causes duplicate each other. Hence, Mc-H suffers no injury by permitting both to stand.

As to the third cause alleged against R & M, that stands in a different position. As a partnership, plaintiff is not subject to the taxes to which the tax opinion was directed. In a partnership the taxable individuals are the partners. Thus, the opinion furnished caused no injury to plaintiff. Absent damage, there is no basis for suit. Injury, if any, was suffered by those who became limited partners on the basis of the opinion. If plaintiff proves not to be the tax haven which the offering statement indicated it would be, only the partners have been injured. Hence, they alone may sue to recover their loss, if any.

Finally, the fourth cause, alleging fraud by all defendants except Mc-H, clearly sets forth the actionable elements of fraud. It was a fraud perpetrated upon plaintiff. Only derivatively does it affect the limited partnership interests.

Accordingly, we hold that the first, second and fourth causes of action are adequately pleaded. We modify accordingly. Concur — Sandler, J. P., Carro, Bloom and Kassal, JJ.