587 A.2d 727

**Samuel B. SADTLER and Jack H. Martinez, Appellants,**

**v.**

**JACKSON–CROSS COMPANY and Lawrence E. Henry, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 18, 1990.

Filed Jan. 31, 1991.

Reargument Denied March 28, 1991.

494

Richard D. Malmed, Philadelphia, for appellants.

Christine M. Brenner, Philadelphia, for appellees.

Before CAVANAUGH, WIEAND and HUDOCK, JJ.

WIEAND, Judge:

If a real estate broker negligently performs an agreement to make an appraisal of real estate, what is the statute of limitations which dictates the time within which the injured party must sue for damages resulting therefrom? This is the principal issue requiring review in this appeal. A secondary issue pertains to the time when the statutory period of limitation begins to run. Does the period begin to run on the date of the erroneous appraisal or on a later date when the error has been or should have been discovered?

In 1981, Samuel Sadtler and Jack Martinez became interested in purchasing a tract of land for development and/or resale. Therefore, they employed Lawrence Henry, who was employed by the real estate brokerage firm of Jack-

son–Cross Company, for the purpose of making an appraisal of the tract. The appraisal was completed and delivered to Sadtler and Martinez on June 4, 1981.[1] It contained the appraiser's opinion that the tract had a fair market value of three hundred thousand ($300,000) dollars. In reliance on the appraisal, Sadtler and Martinez purchased the tract on April 7, 1982, for a consideration of ninety-two thousand, one hundred fifty ($92,150) dollars.

The appraiser's opinion of value was based on the assumption that the land was zoned R–3, a zoning classification which permitted detached and semi-detached dwellings. In fact, however, the land was zoned R–2, which permitted only semi-detached dwellings. The appraisal also contained an opinion that the most economically feasible development of the tract would be to install a 947 foot long roadway which ended in a cul-de-sac. This, it was estimated, would permit laying out twenty-four (24) lots to front on the roadway. In fact, a local ordinance permitted only a five hundred foot road which ended in a cul-de-sac, thus reducing the number of lots into which the larger tract could be subdivided. The tract was ultimately sold by Sadtler and Martinez for one hundred sixty-two thousand ($162,000) dollars on December 31, 1986.[2]

The present action was filed on February 21, 1986. The complaint contained averments that the appraisal had been prepared negligently and that the opinion of value had been premised on erroneous information which the appraiser had gathered. As a result, the plaintiffs contended, they sustained a "loss of bargain" because the land had not been as represented by the appraiser. During discovery, it was ascertained that plaintiffs had become aware of the zoning error by December 31, 1982. According to appellants, however, the remaining error had not become known until plaintiffs attempted to resell the land.

1. A fee of five hundred ($500) dollars was paid for the appraisal.

2. The amount of damages, if any, which appellants may recover on the basis of the facts alleged is not now before this Court, and with respect thereto we express no opinion.

The defendants moved for summary judgment, contending that the action was barred by the applicable statute of limitations. The trial court agreed. It held that the action was an action for negligence, which was barred by the lapse of more than two years following the discovery of error on December 31, 1982. The plaintiffs appealed. They contend that the applicable period of limitation is four years and that it did not begin to run until the error had been discovered.

The law governing summary judgment is well settled. Summary judgment may properly be entered only if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). The moving party has the burden of persuading the court that no genuine issues exist as to the material facts. Summary judgment may be entered only where the case is free from doubt. *Hower v. Whitmak Associates*, 371 Pa.Super. 443, 445, 538 A.2d 524, 525 (1988), *allocatur denied*, 522 Pa. 584, 559 A.2d 527 (1989). In passing upon a motion for summary judgment, moreover, a court must examine the record in the light most favorable to the nonmoving party. Any doubt must be resolved against the moving party. *French v. United Parcel Service*, 377 Pa.Super. 366, 371, 547 A.2d 411, 414 (1988); *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 140–141, 476 A.2d 928, 930 (1984); *Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982).

*Laventhol & Horwath v. Dependable Ins. Associates, Inc.*, 396 Pa.Super. 553, 558, 579 A.2d 388, 390 (1990).

The statute of limitations applicable to the instant action is found in the Judicial Code at either 42 Pa.C.S. § 5524(7) or 42 Pa.C.S. § 5525(3). Section 5524(7) has application to tortious conduct and provides as follows:

"[a]ny other action or proceeding to recover damages for injury to person or property which is founded on negli-

gent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation period specified in this subchapter." [3]

Section 5525(3), on the other hand, establishes a four year limitation for an "action upon an express contract not founded upon an instrument in writing."

The averments of the complaint and the discovery depositions enable us to determine that the plaintiffs hired the defendants to make an appraisal of real estate and that the appraisal was made negligently, was based on erroneous information and was inaccurate.

█ "Generally, when the breach of a contractual relationship is expressed in terms of tortious conduct, the cause of action is properly brought in assumpsit and not in trespass." *Raab v. Keystone Ins. Co.*, 271 Pa.Super. 185, 187, 412 A.2d 638, 639 (1979). Although some jurisdictions recognize a cause of action in either tort or contract for a negligently made appraisal, most jurisdictions require privity of contract before recovery will be allowed. See: *George v. Federal Land Bank of Jackson*, 501 So.2d 432 (Ala.1986) (claim for negligent appraisal fails absent contract with either express or implied duty imposed on appraiser); *Foggy v. Ralph F. Clark & Associates, Inc.*, 192 Cal.App.3d 1204, 238 Cal.Rptr. 130 (1987) (lender has no cause of action for negligent appraisal on contract between real estate appraiser and loan applicant); *Christiansen v. Roddy*, 186 Cal.App.3d 780, 231 Cal.Rptr. 72 (1986) (real estate appraiser not liable to lender for negligent appraisal absent privity of contract where appraiser hired by borrower); *Gay v. Broder*, 109 Cal.App.3d 66, 167 Cal.Rptr. 123 (1980) (action against appraiser alleging breach of contract and negligence dismissed because appraiser owed no duty to veteran where appraiser hired by Veterans Administration); *Baker*

3. This section was the result of an amendment enacted December 20, 1982. It was made effective sixty (60) days after enactment. It is applicable, therefore, to causes of action not barred on February 18, 1983.

*v. Surman,* 361 N.W.2d 108 (Minn.App.1985) (appraiser hired by Federal Housing Administration owes duty of care to F.H.A., not to purchasing mortgagor and cannot be held liable to mortgagor for negligent appraisal); *Stotlar v. Hester,* 92 N.M. 26, 582 P.2d 403 (1978) (real estate purchaser's action against appraiser for breach of contract and negligence failed because no privity where appraiser hired by vendor); *Oncology Associates v. McGraw–Hill Corp.,* 109 A.D.2d 616, 486 N.Y.S.2d 181 (1985) (action for negligent appraisal based on breach of agreement to accurately determine value where such determination was negligently performed); *Struna v. Wolf,* 126 Misc.2d 1031, 484 N.Y. S.2d 392 (1985) (action alleging breach of contract for negligent appraisal of artwork dismissed where no evidence of contractual relationship). But see: *Costa v. Neimon,* 123 Wis.2d 410, 366 N.W.2d 896 (App.1985) (purchaser permitted to recover from appraiser for negligent appraisal even though appraiser hired by lender because purchaser was foreseeable plaintiff).

Analogous issues have arisen in actions for damages against title abstracters. In such cases it has been held generally that the actions are founded on contract. See: *J.H. Trisdale v. Shasta County Title Co.,* 146 Cal.App.2d 831, 304 P.2d 832 (1956) (abstracter's obligation in preparing abstract of title is contractual and liability will result on theory of breach of contract for damages resulting from negligence in performance of title report); *Bridgeport Airport, Inc. v. Title Guaranty & Trust Co.,* 111 Conn. 537, 150 A. 509 (1930) (action against title examiner for negligent breach of duty in examining title lies in contract); *Sickler v. Indian River Abstract & Guaranty Co.,* 142 Fla. 528, 195 So. 195 (1940) (action against abstracter must be founded on contract); *Russell & Co. v. Polk County Abstract Co.,* 87 Iowa 233, 54 N.W. 212 (1893) (allegations in complaint that errors were negligence of abstracter do not convert the action from one founded on contract to one in tort since duty was created solely by contract); *Thomas v. Guarantee Title & Trust Co.,* 81 Ohio St. 432, 91 N.E. 183

(1910) (action against abstracter of title to recover damages for negligence does not sound in tort, but must be founded on contract); *Peterson v. Gales,* 191 Wis. 137, 210 N.W. 407 (1926) (abstracter's liability based on contract and no liability attaches for negligent performance absent privity of contract); 1 Am.Jur.2d Abstracts of Title § 23 (action against abstracter for damages resulting from negligence in making abstract of title does not sound in tort but must be founded on contract).

Similarly, the courts have held that actions against accountants for professional negligence are generally based on contract. See: *East Grand Forks v. Steele,* 121 Minn. 296, 141 N.W. 181 (1913) (action for damages arising from negligence of accountant employed to audit certain accounts founded on breach of contract); *Ultramares Corp. v. Touche,* 255 N.Y. 170, 174 N.E. 441 (1931) (action for negligent misrepresentation by accountant, duty created by contract); 1 Am.Jur.2d Accountants § 15 (action to recover damages arising from negligence of certified public accountant founded on breach of contract, and not on tort).

■ The real estate appraiser in the instant case owed to the plaintiff no duties except those imposed by the agreement to make an appraisal. The failure to make a competent and accurate appraisal, therefore, was a violation of a duty imposed by the contract between the parties and was not based upon separate principles of tort law. The appraiser's negligent failure to perform according to the terms of the contract, if such was the case, constituted a breach of contract. We conclude, therefore, that appellants' cause of action sounds in contract and must be governed by the statute of limitations applicable to contract actions.

■ Generally, an action founded on a contract accrues when the contract is breached. *Cucchi v. Rollins Protective Services, Co.,* 377 Pa.Super 9, 546 A.2d 1131 (1988), *rev'd on other grounds,* 524 Pa. 514, 574 A.2d 565 (1990). Nevertheless,

[a]s applied in Pennsylvania, the equitable discovery rule provides that the statute of limitations does not begin to run until the injured party is aware or reasonably should be aware of his injury or its cause. *Pocono Raceway v. Pocono Produce, Inc.,* 503 Pa. 80, 85, 468 A.2d 468, 471 (1983). However, it is well settled that mere mistake, misunderstanding or lack of knowledge do not toll the statute of limitations. *Walters v. Ditzler,* 424 Pa. 445, 449, 227 A.2d 833, 835 (1967).

*Garcia v. Community Legal Services Corp.,* 362 Pa.Super. 484, 495, 524 A.2d 980, 985 (1987), *appeal denied,* 517 Pa. 623, 538 A.2d 876 (1988). This discovery rule has been applied in cases of medical malpractice, see: *Ayers v. Morgan,* 397 Pa. 282, 154 A.2d 788 (1959); in cases of legal malpractice, *Garcia v. Community Legal Services Corp., supra;* in cases of injuries or death resulting from exposure to asbestos, *Mihalcik v. Celotex Corp.,* 354 Pa.Super. 163, 511 A.2d 239 (1986); in cases of latent architectural defects, *Med–Mar, Inc. v. Dilworth,* 214 Pa.Super. 402, 257 A.2d 910 (1969); and in cases of undiscovered title defects, *Skyline Builders, Inc. v. Kellar,* 50 Pa.D. & C.2d 19 (Leh.1970). Thus, "where knowledge is impossible because of the laws of nature, or because of ... concealment ... or where it is impractical to impose on one who has been wronged the duty to explore and ferret out the undetectable act of the wrongdoer, the statute should begin to run from the time discovery of the injury is made or should have been made." *Med–Mar, Inc. v. Dilworth, supra,* 214 Pa.Super. at 407, 257 A.2d at 913.

 The same principle is applicable where a party has been wronged by misleading information submitted by a real estate appraiser. To impose upon the injured party an affirmative duty to ferret out the appraiser's mistakes may, in some cases, require the injured person to employ a second appraiser to review the report of the first appraiser, for a lay person cannot be expected to possess the knowledge and expertise of the appraiser. See: *Skyline Build-*

*ers, Inc. v. Kellar, supra* (lay person reasonably cannot be expected to discover error in title report).

The point of time at which the injured party should reasonably be aware that he or she has suffered an injury is generally an issue of fact to be determined by the jury. See: *Burnside v. Abbott Laboratories,* 351 Pa.Super. 264, 505 A.2d 973 (1985). Cf. *Smith v. Bell Telephone Co.,* 397 Pa. 134, 153 A.2d 477 (1959). Only where the facts are so clear that reasonable minds cannot differ may the commencement of the limitation period be determined as a matter of law. See: *Trice v. Mozenter,* 356 Pa.Super. 510, 515 A.2d 10 (1986); *Burnside v. Abbott Laboratories, supra; Anthony v. Koppers Co., Inc.,* 284 Pa.Super. 81, 425 A.2d 428 (1980), *rev'd on other grounds,* 496 Pa. 119, 436 A.2d 181 (1981).

In the instant action, the discovery depositions are to the effect that appellants did not discover the zoning error in the appraisal until December 31, 1982, and the erroneous basis for determining the manner of subdividing the land did not manifest itself until a later date. Whether this was reasonable is an issue of fact for the jury. We are constrained to conclude, therefore, that the trial court erred when it concluded that, as a matter of law, appellants' cause of action was barred by the statute of limitations.

Reversed and remanded for further proceedings. Jurisdiction is not retained.