**Iyengar v. PNC National Bank**

8

*James R. Cooney,* for plaint6iffs.
*Gary P. Hunt,* for defendant.

FRIEDMAN, *J.,* June 23, 1995—

### BACKGROUND

Defendant PNC National Bank, escrow agent, has filed a motion for summary judgment seeking dismissal of plaintiffs' case based on the expiration of the statute of limitations. Plaintiffs argue that summary judgment should not be entered against them because of the operation of the discovery rule. We deny the escrow agent's motion because we cannot say, as a matter of law, that reasonable minds cannot differ as to the commencement of the limitations period.

This is a contract action in which plaintiffs, who are investors and limited partners in an entity called "Certified Care Centers," are suing defendant escrow

agent for making an unauthorized transfer of escrow funds. Plaintiffs claim that they are third-party beneficiaries of the escrow agreement, which was made between the bank and CCC. The agreement was signed by one Robert Purcell, as president of Mediplex Inc., the general partner of CCC. The escrow agreement provided, among other things, that funds contained in it would only be released to CCC after 11 investment "units" in CCC had been sold by a certain date.

Plaintiffs alleged in their complaint that the escrow agent transferred money out of the escrow fund to CCC's account before 11 investment units had been sold. According to defendant escrow agent's answer and new matter, this transfer occurred on or about October 14, 1986. The escrow agent admits that the requisite number of units had not been sold. Plaintiffs claim that they did not discover that less than 11 units had been sold until an arbitration proceeding had commenced between themselves and Purcell, CCC and Mediplex. The demand for arbitration was made on April 5, 1991, and the arbitrators entered their award on March 23, 1992. The complaint in the instant action was filed on December 2, 1993.

Both parties agree that a four-year statute of limitations applies to this case. The escrow agent argues that the discovery rule does not apply to contract actions such as this, and that the four years therefore began to run on the date of the alleged breach, October 14, 1986. The escrow agent further argues that, even if the discovery rule does apply, the plaintiffs knew or should have known of the alleged breach on the date of the breach, *i.e.,* October 14, 1986. The escrow agent bases this on excerpts from the depositions of several

plaintiffs, in which they indicate that they knew of the transfer at the time it was made. (Iyengar deposition pp. 36-37, Santhanam deposition p. 35, Beam deposition pp. 29-30.) Defendant escrow agent also points to the fact that plaintiffs and their various attorneys began requesting the return of plaintiffs' original investments from Purcell as early as June 29, 1987, and at various times through June 1989.

## DISCUSSION

The threshold issue is whether the discovery rule may apply to contract cases. If it does not apply, defendant escrow agent must prevail on its motion. If it does apply, the court must first determine when plaintiffs *should* have known of the impropriety of the distribution by the escrow agent. If there is a genuine dispute as to that material fact, then the date plaintiffs should have known would be a jury question.

The Pennsylvania Superior Court has discussed the discovery rule as it applies to contract actions in *Sadtler v. Jackson-Cross Company,* 402 Pa. Super. 492, 587 A.2d 727 (1991). In *Sadtler,* the court observed that a contract action generally accrues at the time that the contract is breached. *Id.* at 499, 587 A.2d at 731. However, it also observed that "where knowledge is impossible because of the laws of nature, or because of . . . concealment . . . or where it is impractical to impose on one who has been wronged the duty to explore and ferret out the undetectable act of the wrongdoer, the statute should begin to run from the time discovery of the injury is made or should have been made." *Id.* at 500, 587 A.2d at 731. The court proceeded to apply the discovery rule to the cause of action at issue there,

in which the purchasers of land sued their real estate broker for negligently performing an agreement to appraise real estate. It also made an express determination that that cause of action sounded in contract and was governed by the statute of limitations applicable to contracts. *Id.* at 499, 587 A.2d at 731.

Based on *Sadtler,* we conclude that the discovery rule may apply to contract actions, including the action here. Part of the court's reasoning there was that "[t]o impose upon the injured party an affirmative duty to ferret out the appraiser's mistakes may, in some cases, require the injured person to employ a second appraiser to review the report of the first appraiser, for a lay person cannot be expected to possess the knowledge and expertise of the appraiser." *Id.* at 500, 587 A.2d at 731-32. We believe that, in the instant case, it would likewise be impractical to impose on plaintiffs the duty of second-guessing the escrow agent's performance of its obligations under the contract. We cannot conclude that the plaintiffs had any reason to presume that an escrow agent with duties to all the parties to the underlying business deal would wrongfully release the funds before the contractual prerequisites had been met.

Since we have concluded that the discovery rule may apply to this case, we now proceed to the question of whether we can determine as a matter of law that the plaintiffs knew or should have known, before December 2, 1989 (four years prior to the filing of the complaint), that the escrow agent had breached its escrow agreement.

The standard which we must apply was set forth in the *Sadtler* case:

"The point of time at which the injured party should reasonably be aware that he or she has suffered an

injury is generally an issue of fact to be determined by the jury. . . . Only where the facts are so clear that reasonable minds cannot differ may the commencement of the limitation period be determined as a matter of law." *Id.* at 501, 587 A.2d at 732.

Defendant escrow agent argues that since plaintiffs were aware that the escrow agent released the funds at the time the release was made, and that since they started asking Purcell to return their money as early as June 29, 1987, they knew or should have known that a breach occurred at the time of the release of funds. We disagree. The fact that the escrow agent released the funds is not necessarily enough to put plaintiffs on notice that the release was wrongful; parties to an escrow agreement should not have to presume, without more, that every action the escrow agent takes is wrongful, thereby prompting an independent investigation by the customer. Furthermore, the fact that plaintiffs became concerned about Purcell's actions is not necessarily enough to obligate them to call the escrow agent's integrity into question. We cannot conclude that "the facts are so clear that reasonable minds cannot differ" as to whether plaintiffs knew or should have known, before December 2, 1989, that the escrow agent had breached the escrow agreement. In the absence of such a clear showing, the date on which the statute of limitations commences to run is a jury question.

We therefore must deny defendant's motion for summary judgment. See accompanying order.

## ORDER

And now, to wit, June 23, 1995, it is hereby ordered that defendant's motion for summary judgment is denied.