**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3255
_____

JAMES BRAWNER, III,

Appellant

v.

EDUCATION MANAGEMENT CORPORATION, et al.;
ART INSTITUTE OF PHILADELPHIA, et al.;
CONGRESSMAN CHAKA FATTAH;
PENNSYLVANIA DEPARTMENT OF EDUCATION;
ACICS; ACCST; UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:11-cv-06131)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2013

Before:  AMBRO, HARDIMAN and ROTH, Circuit Judges

(Opinion filed : February 13, 2013)
_____

OPINION
_____

PER CURIAM

In September 2011, appellant James Brawner filed a lawsuit based on his

unsatisfactory experience with the Art Institute of Philadelphia, which he attended in the

late 1990s and sporadically thereafter. He named federal, state, and private defendants, and alleged fraud, negligence, and breach of contract. The District Court dismissed his claims against the governmental defendants for lack of jurisdiction and dismissed his claims against the private defendants as barred by the statute of limitations. See generally Brawner v. Educ. Mgmt. Corp., No. 11–6131, 2012 WL 3064019 (E.D. Pa. July 27, 2012). Brawner appeals only the dismissal of his claims against the private defendants and has expressly abandoned his claims against the federal and state defendants. For the reasons that follow, we will affirm.[1]

"State tolling principles 'are generally to be used by a federal court when it is

---

[1] The parties, who are our primary audience, are familiar with the facts of this case, so we will not engage in a protracted recitation.

The District Court arguably had jurisdiction over Brawner's claims against the federal defendants under the Federal Tort Claims Act. See 28 U.S.C § 1346(b). We need not determine whether the District Court properly exercised supplemental jurisdiction over his claims against the private defendants because none of the parties has raised the issue either here or below. See Acri v. Varian Assocs., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

We have jurisdiction under 28 U.S.C. § 1291. "[T]he law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotations marks omitted) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)). Our review of a limitations-based dismissal is plenary, and we may affirm on any basis supported by the record. Glover v. FDIC, 698 F.3d 139, 144 (3d Cir. 2012) (citing Lake v. Arnold, 232 F.3d 360, 365–66 (3d Cir. 2000); Guthrie v. Lady Jane Collieries, Inc., 722 F.2d 1141, 1145 n.1 (3d Cir. 1983) (citing Helvering v. Gowran, 302 U.S. 238, 245 (1937); Behring Int'l, Inc. v. Imperial Iranian Air Force, 699 F.2d 657, 666 n.7 (3d Cir. 1983)).

applying a state limitations period;' therefore, we look to Pennsylvania law, predicting how the Pennsylvania Supreme Court would resolve the statute of limitations issue." Knopick v. Connelly, 639 F.3d 600, 606 (3d Cir. 2011) (quoting Debiec v. Cabot Corp., 352 F.3d 117, 128 (3d Cir. 2003) and citing Jewelcor Inc. v. Karfunkel, 517 F.3d 672, 676 n.4 (3d Cir. 2008)).  In Pennsylvania, the limitations periods for fraud, negligence, and breach of contract claims are two years, two years, and four years, respectively.  42 Pa. Cons. Stat. §§ 5524(7), 5525(a); see also Ash v. Cont'l Ins. Co., 932 A.2d 877, 879–80 (Pa. 2007).  "Generally, a statute of limitations period begins to run when a cause of action accrues; i.e., when an injury is inflicted and the corresponding right to institute a suit for damages arises."  Gleason v. Borough of Moosic, 15 A.3d 479, 484 (Pa. 2011).  When properly invoked, however, the "discovery rule" acts "as an exception to this principle, and provides that where the complaining party is reasonably unaware that his or her injury has been caused by another party's conduct, the discovery rule suspends, or tolls, the running of the statute of limitations."  Id.  "Where . . . reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law."  Fine v. Checcio, 870 A.2d 850, 858–59 (Pa. 2005); accord Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 264 F.3d 302, 307 (3d Cir. 2001) (quoting Sadtler v. Jackson-Cross Co., 587 A.2d 727, 732 (Pa. Super. Ct. 1991)).

We agree with the District Court that no reasonable factfinder could conclude that Brawner filed within the limitations period.  As discussed above, Brawner's primary

3

interaction with the defendants occurred in the late 1990s; the latest actual transaction he appears to describe occurred in 2005, well outside of the limitations periods for a suit filed in 2011. Brawner insists that the limitations period was tolled until the 2011 "discovery" of the alleged fraud and breach of contract, but this is belied by his knowledge that something was amiss long before 2011; moreover, he makes no showing that the information retrieved in 2011 was essential to the commencement of a suit. As demonstrated by his complaint and other filings, he knew he was injured and made repeated inquiries of the various defendants, yet was apparently content to allow multiple years to pass between letters and responses. That he may not have been aware of the "full extent" of the possible injury, see Gleason, 15 A.3d at 484, does not save his claims; "a cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted," Wilson v. El-Daief, 964 A.2d 354, 361 (Pa. 2009), and "knowledge of every fact necessary to *prevail* on the claim is not required to . . . trigger the accrual period," Epstein v. C.R. Bard, Inc., 460 F.3d 183, 188 (1st Cir. 2006) (emphasis added and quotation marks omitted) (applying Massachusetts discovery rule).[2]

Brawner does not present any other reason why the limitations period should have been tolled during the intervening years. While he invokes his pursuit of "administrative remedies," he does not explain how an administrative process would have tolled the

---

[2] Indeed, Brawner likely could have obtained these documents, to the extent that they were relevant, through the *civil litigation* discovery process after commencing a timely suit.

4

limitations period on the state common-law claims that remain.  Cf. Uber v. Slippery Rock Univ. of Pa., 887 A.2d 362, 367 (Pa. Commw. Ct. 2005) (pursuit of "an employer's internal administrative proceeding is not sufficient to toll the statute of limitations for filing a PHRA complaint" in Pennsylvania).

In sum, we agree with the District Court that the limitations period has run for the claims that Brawner now appeals.[3]  We will therefore affirm the court's judgment.

---

[3] Although Brawner explicitly disclaims his desire to appeal the other grounds for relief he raised below, we have reviewed them and find them to fail for substantially the same reasons discussed by the District Court.