ALD-211                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 15-3685
———————

DAVID C. TATE,
                              Appellant

v.

CITY OF PHILADELPHIA; OFFICER ROBERT REDANAUER
————————————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:13-cv-05404)
District Judge:  Honorable Juan R. Sanchez
————————————————————————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 7, 2016
Before: AMBRO, SHWARTZ and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 12, 2016)
————

OPINION[*]
————

PER CURIAM

        David C. Tate, proceeding pro se and in forma pauperis, appeals from the District

Court's order granting summary judgment in favor of defendant Officer Robert

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Redanauer. Because the appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Officer Redanauer of the Philadelphia Police Department[1] executed a search warrant for Tate's apartment on January 18, 2011. The warrant specified its scope as encompassing the third floor of the apartment, but Officer Redanauer's search included both the second and third floors. The search located a hidden firearm, which led to criminal charges against Tate. In a preliminary hearing for those charges on May 23, 2011, Officer Redanauer testified, incorrectly, that the warrant was for the second floor. According to testimony that Tate presented in a hearing before the District Court, on June 30, 2011, discovery was provided to Tate's lawyer for that criminal proceeding— including a copy of the search warrant itself.

Tate brought a 42 U.S.C. § 1983 action in the District Court on September 16, 2013, based on the purportedly false warrant and the arrest and charges that arose out of the discovery of the firearm. Now before this Court is the District Court's order granting summary judgment in favor of Officer Redanauer on the ground that Tate failed to file his lawsuit within the applicable two-year statute of limitations. We will affirm.

---

[1] The District Court previously granted summary judgment in favor of the City of Philadelphia on the ground that Tate had not presented sufficient evidence to support the existence of a custom, policy, or practice to sustain a claim of municipal liability. Tate does not challenge that ruling on appeal and we can discern no error in the District Court's decision concerning the claims against the City.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's grant of summary judgment.  Knopick v. Connelly, 639 F.3d 600, 606 (3d Cir. 2011).

Pennsylvania's two-year statute of limitations for personal injury claims applies to Tate's action filed pursuant to 42 U.S.C. § 1983.  Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000).  Pennsylvania's tolling rules apply as well.  Id.  The discovery rule tolls the statute of limitations until a plaintiff, exercising reasonable diligence, actually discovers his injury.  Id. at 367.  "'Only where the facts are so clear that reasonable minds cannot differ may the commencement of the limitation period be determined as a matter of law.'"  Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 264 F.3d 302, 307 (3d Cir. 2001) (quoting Sadtler v. Jackson-Cross Co., 587 A.2d 727, 732 (Pa. Super. Ct. 1991)).

Here, the facts are inarguably clear.  Tate's lawyer in his criminal proceeding received a copy of the search warrant on June 30, 2011.  Any discrepancy between the scope of the warrant and the search as executed—or any other purported defect in the warrant—would have been perceptible as of that date.  Consequently, the discovery rule tolls the statute of limitations up until June 30, 2011, at the latest.  Tate's Section 1983 action, filed on September 16, 2013, was over two months out-of-time.

On appeal, Tate argues that the discovery rule should toll the statute of limitations for longer—i.e., until his criminal trial, when the warrant was presented as evidence— because he did not himself receive the discovery including the search warrant on June 30, 2011.  That argument misunderstands the "reasonable diligence" component of the discovery rule.  The relevant question is not when Tate had actual knowledge of the

grounds for his lawsuit. Rather, the question is when "the knowledge was known, or through the exercise of diligence, was knowable to the plaintiff." Miller v. Phila. Geriatric Ctr., 463 F.3d 266, 276 (3d Cir. 2006). Once Tate's lawyer received a copy of the warrant, the basis for Tate's Section 1983 action was reasonably "knowable" to him, and he then had two years to file his claims.

For these reasons, we will affirm.