# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

West Brandywine Township,   :
       Appellant :
          :
    v.      :
          :
John P. Diromualdo, Inc., and  : Nos. 38 and 198 C.D. 2016
John P. Diromualdo, individually : Argued: October 17, 2016

BEFORE: HONORABLE RENÉE COHN JUBELIRER Judge
     HONORABLE JOSEPH M. COSGROVE, Judge
     HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE     FILED: February 8, 2017

   West Brandywine Township (Township) appeals from two orders of the Court of Common Pleas of Chester County (trial court). The first, dated August 26, 2015, granted John P. Diromualdo, Inc. and John P. Diromualdo's (collectively Appellee) Motion for Judgment on the Pleadings. The second, dated September 23, 2015, denied the Township's Motion for Leave to File an Amended Complaint. Upon review, we affirm.

   In 2009, West Brandywine Township (Township) retained Appellee to perform a real estate appraisal on a parcel of land that the Township wanted to acquire. Section 1503 of the Second Class Township Code[1] requires the township board of supervisors, when acquiring real estate, to obtain at least one appraisal of

---

[1] Act of May 1, 1933, P.L. 103, *as amended,* 35 P.S. § 66503.

the property, and the price paid for the real estate may not exceed the price established in the appraisal. Appellee issued the appraisal to the Township manager on March 20, 2009, assessing the value of the parcel at $744,000.00 as of the date of inspection, February 27, 2009. (Reproduced Record (R.R.) at 26a.) Subsequently, on July 9, 2009, the Township acquired the property for $744,000.00.

In March of 2014, following an investigation into the Township's acquisition of the property, the Township Police Department advised the Township that the 2009 appraisal did not consider a deed restriction on the property which limited use of the land to public open space and/or public use. (Township's Brief at 10.) Appellee performed a second appraisal of the property and issued a report on April 16, 2014 in which he assessed the property's value at $211,000.00.

On March 25, 2015, the Township commenced an action against Appellee, asserting claims for professional negligence, breach of contract, and intentional and negligent misrepresentation, and seeking to recover the difference in appraisal values. Appellee defended on the basis that the deed restriction was not accessible at the time of the first appraisal, having been filed on February 24, 2009, three days prior to the date Appellee performed his inspection. Appellee further averred that Township was aware, or should have been aware, of the deed restriction, and did not advise Appellee of its existence. Appellee filed a Motion for Judgment on the Pleadings, raising the affirmative defense that the Township's claims were barred by the statute of limitations. The Township filed a Motion for Leave to File an Amended Complaint. The trial court granted Appellee's Motion

2

on August 26, 2015 and denied the Township's Motion on September 23, 2015. The Township appealed[2] both decisions to this court.

The Township raises two issues on appeal: whether the trial court improperly assumed the role of fact-finder in holding that the Township should have known of the appraiser's negligence before the statute of limitations expired; and whether the trial court committed an error of law and/or abuse of discretion in denying the Township leave to amend when the proposed amendments are not futile.

The Township first argues that the trial court interjected its factual assessment of when the Township should have known of the appraiser's negligence. Citing *Sadtler v. Jackson-Cross Co.*, 587 A.2d 727 (Pa. Super. 1991), the Township argues "a lay person cannot be expected to possess the knowledge and expertise of an appraiser and, therefore, the determination of when the limitation period begins is an issue of fact that should be decided by a jury." *Id.* at 732. The Township claims it did not learn of Appellee's professional negligence until advised of the issue by its zoning officer in 2014.[3] (Township's Brief at 12.)

The trial court held that the Township's right to commence suit began when Appellee issued the 2009 Summary Appraisal Report which failed to

---

[2] Our review of a trial court's decision granting a motion for judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warranted a jury trial. *Travelers Casualty & Surety Company v. Castegnaro,* 772 A.2d 456, 459 (Pa. 2001). As this appeal presents a question of law, our scope of review is plenary. *Lindstrom v. City of Corry,* 763 A.2d 394, 396 (Pa. 2000).

[3] The Township is not disputing it knew the deed restriction existed. The Township had knowledge of the deed restriction when it entered into the Sewer Agreement on December 11, 2008. It is asserting it did not know the 2009 Summary Appraisal Report did not take the deed restriction into consideration until March of 2014 when the Township's Police Department brought the omission to its attention.

3

consider the existing deed restriction. In its opinion issued pursuant to Pa.R.A.P. 1925, the trial court explained that the Township conceded it was aware of the deed restriction prior to Appellee's issuance of the March 20, 2009 appraisal, the Township did not make Appellee aware of the deed restriction, or call omission of the deed restriction in the appraisal to Appellee's attention. (Appellant's Brief, Appendix A at 8.) The trial court concluded that "even a layperson's review of the Report indicates that the Deed Restriction was not known" to Appellee at the time of its issuance. *Id.* at 10. The trial court found the facts "so clear that reasonable minds cannot differ in concluding that the [Township] either knew or should have known of the deed restriction on the property as it was the subject of negotiations in the 'Sewer Agreement' prior to the Township's acquisition of the subject property on July 9, 2009." (R.R. at 555a.)

The statute of limitations begins to run when a cause of action accrues; *i.e.*, when an injury is inflicted and the corresponding right to institute a suit for damages arises. *Gleason v. Borough of Moosic*, 15 A.3d 479, 484 (Pa. 2011). A party asserting a claim has the duty to use reasonable diligence to properly inform itself of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period. *Id.*

In general, the point at which the complaining party should reasonably be aware that it has suffered an injury is an issue of fact to be determined by the jury. *Sadtler,* 587 A.2d at 732. Where facts are so clear that reasonable minds cannot differ regarding when the limitations period begins running, the question can be determined as a matter of law. *Glenbrook Leasing Company. v. Beausang,* 839 A.2d 437, 444 (Pa. 2003). In addition, if a party has the means of discovery within its power but neglects to use them, its claim will still be barred. *Baselice v.*

4

*Franciscan Friars Assumption BVM Province, Inc.*, 879 A.2d 270, 278 (Pa. Super. 2005).

The discovery rule acts as an exception to the statute of limitations and provides that where the complaining party is reasonably unaware that his or her injury has been caused by another party's conduct, the discovery rule suspends, or tolls, the running of the statute of limitations. *Gleason,* 15 A.3d at 484. The discovery rule operates to balance the rights of diligent, injured plaintiffs against the interests of defendants in being free from stale claims. *Id.* at 485.

In *Glenbrook*, a real estate partnership retained attorneys to prepare an agreement of sale and deed in connection with the partnership's proposed purchase of office space with parking. The agreement was prepared and executed by the partnership in 1987 and was silent with respect to the parking spaces. In 1994, a dispute arose over the parking spaces and the partnership was informed it was not the owner of the parking spaces. At that time the partnership used another law firm to opine on the matter and that firm stated the partnership had a potential malpractice claim against its original attorneys. In 2000, the partnership filed suit against those attorneys for malpractice.

The Supreme Court found that the partnership's claims were time-barred because it was undisputed the partnership learned of the potential malpractice claim in 1994. The claim was mentioned in the opinion letter from the law firm that the partnership engaged for a second opinion. The Court further found that the trial court did not abuse its discretion in determining that the statute of limitations had begun to run at the time the partnership received the opinion letter in 1994. *Glenbrook,* 839 A.2d at 444.

As the trial court noted in its opinion below, the Township conceded it was aware of the deed restriction. (Appellant's Brief at 19.) There are no facts or testimony presented that would suggest that Appellee took any measures to conceal the deed restriction from the Township. The absence of the deed restriction in the appraisal report could have been discovered by the Township had it read past the first page of the report. The Township did not use reasonable diligence to discover its injury; therefore, the Township's claims are time-barred by the applicable statute of limitations. The trial court, not having been presented with evidence to the contrary that would have caused reasonable minds to differ, made the determination of the statute of limitations period as a matter of law. We find that the trial court did not improperly assume the role of fact-finder, but rather made a judgment as a matter of law due to the uncontroverted facts presented.

The Township next argues the trial court committed an error of law and/or abused its discretion in denying the Township leave to amend the pleadings. It claims that the amendments explain how and when the Township first learned of the absence of the deed restriction in the appraisal. The Township relies on Pa.R.C.P. No. 1033, which states that a party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend the pleading. The Township presented several amendments that detail the events that led to the police department notifying it that the appraisal did not consider the deed restriction. The trial court reviewed the amendments and determined that they did not alter the analysis regarding the commencement of the statute of limitations or application of the discovery rule. The court found that allowance of the amendments would have only served to delay the inevitable dismissal upon the pleadings.

Rule 1033 has been interpreted to call for the liberal grant of leave to amend pleadings in order to allow for full development of a party's theories and averments. *Newcomer v. Civil Service Commission of Fairchance Borough*, 515 A.2d 108, 111 (Pa. Cmwlth. 1986). The discretion to grant or deny leave to amend remains with the trial court, however, and the fundamental purpose of the rule, which is to prevent cases from turning on purely technical defects, must be kept in mind. *Id.* An amendment is properly refused where it appears the amendment is futile. *Weaver v. Franklin County*, 918 A.2d 194, 203 (Pa. Cmwlth. 2007).

As iterated above, the Township's amendments to the pleading merely state the events that led to a discovery that the deed restriction was not considered in the 2009 appraisal report. They do not provide an explanation as to why the Township did not exercise due diligence in discovering the discrepancy in the appraisal. Absent any persuasive information regarding the commencement of the statute of limitations or the application of the discovery rule, the amendments are futile and, therefore, we find that the trial court committed no error nor did it abuse its discretion in denying the leave to amend. This Court will not reverse the decision of the trial court in the absence of a clear abuse of discretion. *Weaver,* 918 A.2d at 203.

For these reasons, the orders of the trial court dated August 26, 2015 and September 23, 2015 are affirmed.

_____
JOSEPH M. COSGROVE, Judge

7

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

West Brandywine Township,    :
        Appellant  :
            :
      v.     :
            :
John P. Diromualdo, Inc., and  :  Nos. 38 and 198 C.D. 2016
John P. Diromualdo, individually :

## O R D E R

AND NOW, this 8th day of February, 2017, the orders of the Court of Common Pleas of Chester County dated August 26, 2015 and September 23, 2015 are affirmed.

_____
JOSEPH M. COSGROVE, Judge